## HOSKINS *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[App. No. 85, September Term, 1963.]

*Decided May 29, 1964.*

Before Henderson, Hammond, Prescott, Horney and Marbury, JJ.

Henderson, J., delivered the opinion of the Court.

In this application for leave to appeal from a denial of post

conviction relief, the only point pressed is the alleged denial of counsel. The petitioner was arrested in September, 1962, waived indictments, and was tried before Judge Evans on three informations filed by the State's Attorney, charging breaking and entering with intent to commit a misdemeanor (presumably under Code (1957), Art. 27, sec. 342) on three separate occasions. The third information contained another count, charging breaking and entering with intent to commit a felony (presumably under Code (1963 Supp.), Art. 27, sec. 32). Apparently the accused had been caught in the act of one of these breakings and voluntarily admitted the other two. When arraigned he pleaded guilty to each misdemeanor charge and was sentenced to eighteen months on each to run consecutively. The so-called felony count, to which the accused pleaded not guilty, was apparently nol. prossed.

At the arraignment on September 14, 1962, he was asked to plead and did so to each charge. When asked whether he had a lawyer he said he did not, and did not intend to retain one. He said he realized he had a right to retain one if he wished, but that he did not "wish to have a lawyer." In his petition for post conviction relief the petitioner admitted that he "did not request counsel as an indigent whereas he was indigent after his money being taken from him by the police * * *."

This case arose prior to *Gideon v. Wainwright,* 372 U. S. 335, and prior to our change in Rule 719 b, effective August 10, 1963. Nevertheless, under the Rule as it stood in September, 1962, the court would have been obliged to appoint counsel for an indigent if requested, since it is conceded that the maximum statutory confinement under the so-called felony count was for a period of more than five years. Some point is made of the fact that the guilty plea was accepted prior to the waiver of counsel. The colloquy shows clearly, we think, that the tender of the guilty pleas was not accepted until after the court had interrogated him about counsel. Cf. *Schuette v. State,* 228 Md. 340, 342. Rule 722 permits the court to strike a guilty plea whenever it deems the interests of justice so require. While denial of counsel at arraignment may in some circumstances prejudice an accused who pleads and later decides to go to trial it may be noted that *Hamilton v. Alabama,* 368 U. S. 52, *Wal-*

*ton v. Arkansas,* 371 U. S. 28, and *White v. Maryland,* 373 U. S. 59, all involved persons who later elected to go to trial and were prejudiced, or potentially prejudiced, by use of an earlier guilty plea, or waiver of defenses that could only be raised at arraignment. Thus the action taken was at a critical stage of the proceedings. Cf. *Arrington v. Warden,* 232 Md. 672, 675. We do not understand any of these cases to hold as a matter of law that a plea of guilty, without benefit of counsel at arraignment, automatically vitiates a plea of guilty at trial, after counsel has been obtained or effectively waived; even if we assume without deciding, that *Gideon* is to be applied retroactively.

In the instant case we think Judge Duckett's finding of fact that there was an understanding and intelligent waiver of the right to the appointment of counsel is supported by the record. By his own admission in the present proceeding, the petitioner knew that he would be entitled to counsel as an indigent, even though Judge Evans did not specifically mention his right. Obviously, the accused knew what he was doing, since he obtained a nol. pros. on a charge that might have brought a ten year sentence, and evidently he thought an attorney could be of no practical assistance with the evidence against him. Since the record shows an affirmative waiver, we think the sufficiency of the waiver is a question of fact. Cf. *Carnley v. Cochran,* 369 U. S. 506. See also *Moore v. Michigan,* 355 U. S. 155, 162.

*Application denied.*