## BRANSON *v.* WARDEN OF THE MARYLAND HOUSE OF CORRECTION

[App. No. 46, September Term, 1964.]

16

*Decided May 7, 1965.*

Before PRESCOTT, C. J., and HORNEY, MARBURY, OPPEN-
HEIMER and BARNES, JJ.

PRESCOTT, C. J., delivered the opinion of the Court.

Petitioner filed his "writ of post conviction" claiming that
(1) he was sentenced to 5 years' confinement for an offense
permitting a maximum sentence of only 3 years; (2) the trial
judge was prejudiced against him; and (3) he was not af-
forded an opportunity to summons witnesses. After counsel was
appointed to represent him, petitioner was given a hearing.

The court filed a written opinion in which contention No.
(1) was properly disposed of. However, the court felt that he
could not, in a post conviction proceeding, go into the question
as to whether the court, at his original trial, had improperly
refused petitioner the right to withdraw a guilty plea. The con-
tention, in effect, challenged that the guilty plea was knowingly
and intelligently entered. And the court, in its opinion, made
no reference to contention No. (3).

There can be little doubt that the former procedure of re-
quiring one convicted of crime to raise most of his claimed er-
rors occurring during trial by direct appeal—a procedure which
had been adopted by this Court and those of many of our sister
states—tended toward an orderly and economical administra-
tion of justice. However, recent decisions, which are binding
upon us, permit a piecemeal trial of federal constitutional ques-
tions in collateral proceedings; hence a full evidentiary hear-
ing should have been afforded petitioner to show, if he could,
that the guilty plea was not knowingly and intelligently en-
tered. Cf. *Gleaton v. Warden,* 238 Md. 135.

Contention No. (3) was probably abandoned by appellant,
but, when this occurs, the safer course to pursue is for the trial

judge to so state in his memorandum. See Maryland Rule BK45 b.

> *Application for leave to appeal granted; and application remanded for further proceedings, consistent with this opinion.*