## FARRELL *v.* WARDEN OF MARYLAND PENITENTIARY

[App. No. 59, September Term, 1965.]

*Decided December 20, 1965.*

Before the entire Court.

Hammond, J., delivered the opinion of the Court.

Cornelius Farrell was convicted of rape and sentenced to death in 1956. His conviction was reversed on appeal, *Farrell v. State,* 213 Md. 348, and in his second trial he pleaded guilty and was sentenced to life imprisonment. No appeal was taken, but on February 25, 1965, Farrell filed a petition under the Uniform Post Conviction Procedure Act, Code (1965 Supp.), Art. 27, §§ 645A to 645J, which was dismissed by Judge Grady in the Criminal Court of Baltimore and he now brings this application for leave to appeal that dismissal.

The petition to Judge Grady appears to contain two sets of contentions, those in petitioner's own handwriting which were withdrawn but subsequently resubmitted, and those submitted by the lawyer appointed to represent him in his petition for post conviction relief. Although Judge Grady only dealt with the second group, four of the five allegations which petitioner himself submitted can be disposed of as a matter of law, and the other contention (improper representation at his second trial by his court-appointed trial counsel who also represented him at the first trial and at his appeal) is a restatement of the contentions presented by his lawyer and will be considered later.

Petitioner first contends that he should have been given a mental examination prior to his trial as a matter of right in view of the fact that the crime charged is a capital offense. There is no basis for this claim because Farrell himself did not raise the issue of sanity either at his first or second trial and nothing is alleged or claimed which should have led the trial judge to have requested a determination of sanity under Code (1964 Replacement Vol.), Art. 59, § 9.

Petitioner's next claim is that he was not represented by counsel at the arraignment. Although Farrell personally pleaded not guilty at his second arraignment, the fact that he pleaded guilty at his trial when he was represented by a lawyer gives him no valid claim that he was denied any constitutional right on the grounds that he was not represented by a lawyer at all stages of the proceedings. See *Hoskins v. Warden*, 235 Md. 613.

The other three contentions can be disposed of quickly because they do not state a ground on which relief can be given or they allege abstractly a constitutional wrong without stating supporting facts. In the first class are the propositions that the State retried the petitioner without a reindictment and the prosecuting witness was not present at the second trial. The answer to the first is that the indictment has not been challenged or found defective, petitioner's conviction became final well before *Schowgurow v. State*, 240 Md. 121, and there is no general requirement, constitutional or procedural, for a reindictment following a reversal and remand for a new trial. The second proposition presents no constitutional question and would appear to be particularly meaningless in view of the fact that petitioner pleaded guilty at the trial thereby giving no cause for the State to have the prosecuting witness in attendance. The second class of contentions contains the allegation of double jeopardy based on the fact that the State used the same evidence in the second trial as was used in the first. Clearly this does not approach double jeopardy.

The other set of contentions, those raised by petitioner's lawyer and considered by Judge Grady, can be reduced to the allegation that petitioner's guilty plea was entered by his lawyer without petitioner's understanding or consent, was the result

of inadequate preparation by his trial counsel, and of itself indicates the alleged incompetence of his lawyer.

In Judge Grady's opinion it is stated that the transcript of the proceedings of the second trial shows that petitioner did not testify, was not called upon to acquiesce in the plea of guilty, and that he did not make any statement of any kind. Judge Grady then dismissed the claim of an involuntary plea by saying that petitioner raised the objection to the plea for the first time on post conviction and that a petitioner must attempt to make his objections known to the trial court below or else it will be presumed that the court did all it was required to do in receiving the plea and any objection is waived.

While the Maryland cases which Judge Grady cites stand for the propositions he relied on, recent Supreme Court decisions have discouraged the disposal of constitutional claims on the grounds of waiver by omission—such as failure to make an objection contemporaneously with an alleged error. See *Fay v. Noia,* 372 U. S. 391, 9 L. Ed. 2d 837; and *Henry v. Mississippi,* 379 U. S. 443, 13 L. Ed. 2d 408. This was noted recently by Judge Prescott in *Branson v. Warden,* 239 Md. 15, 16, where he stated for the Court that "* * * a full evidentiary hearing should have been afforded petitioner to show, if he could, that the guilty plea was not knowingly and intelligently entered."

Although Judge Grady discussed some of the testimony relevant to the question of the voluntariness of the plea and the adequacy of the legal services rendered, he made no findings of fact on these issues as the trial court should do as to every claim in post conviction cases under Maryland Rule BK 45 b. *Bauerlien v. Warden,* 236 Md. 346. Accordingly, we shall grant the application for leave to appeal and remand the case for a hearing and findings of fact as to whether petitioner knowingly and willingly entered a guilty plea and was competently advised by his counsel prior to and during his second trial, and we shall deny the application to appeal on the other grounds dealt with herein.

*Application for leave to appeal granted, and case remanded for further proceedings.*