JAMES WASHINGTON *v.* WARDEN, MARYLAND PENITENTIARY

[No. 5, Initial Term, 1967.]

Decided March 7, 1967.

Before ANDERSON, MORTON, ORTH and THOMPSON, JJ.

PER CURIAM.

This is an application for leave to appeal from an order of February 16, 1966, of Judge Joseph R. Byrnes, sitting in the Criminal Court of Baltimore, denying relief under a first petition filed under the Uniform Post Conviction Procedure Act.

On May 19, 1960, applicant was indicted for violation of the narcotic laws. The indictment (No. 1847/60), in the form then in use, contained twelve counts. On September 30, 1960, with his court appointed counsel present, applicant pleaded guilty to the first count charging him with selling heroin and to each of the counts eight through twelve, charging him with being a second and third offender. Judge James K. Cullen, presiding in the Criminal Court of Baltimore sentenced him to fifteen years. There was no motion for a new trial made nor appeal noted.

On September 23, 1964, applicant, in proper person, filed a "Memorandum in Support of Petition for Relief under the Post Conviction Procedure Act" consisting of nine typewritten pages wherein he set forth the "Facts of the Case," the "Questions Presented" and "Argument." He raised two contentions in the form of questions:

"1. Was the state legally obliged to conduct a separate trial on each count of the indictment?

"2. Was Petitioner's plea voluntary or was it forced from him by placing his previous crimes in the indictment?"

At the hearing on January 25, 1966, (hearing had been deferred at request of both State and applicant's court appointed counsel to Judge Byrnes on March 30, 1965) applicant made two additional contentions, which are herein designated as (3) and (4), in substance that:

> (3) he pleaded guilty at his trial because his attorney told him he would not get more than ten years

> (4) he did not give the narcotics to the Federal Agent, but to the informer and had the informer been present at his trial, he would have pleaded not guilty.

On February 15, 1966, Judge Byrnes denied relief by order including a memorandum and on February 21, 1966, applicant, in proper person, filed an application for leave to appeal which could be denied for the reason that it fails to comply with Maryland Rule BK 46 b as it does not contain a statement of the reasons why the order should be reversed or modified. On July 7, 1966, in proper person, he filed "Additional allegations for an appeal motion" dealing with:

> a) The "silver platter doctrine."
> b) The reading of his criminal record "before the verdict of guilty was handed down."
> c) His indictment as a third offender instead of a first offender, contending that no indictment should have been handed down since the informer did not testify before the Grand Jury.

We shall first consider the allegations pertaining to the plea of guilty which are embraced in the second, third and fourth contentions.

A full and evidentiary hearing was afforded applicant to show, if he could, that the guilty plea was not knowingly and intelligently entered in accordance with the principle enunciated in *Branson v. Warden*, 239 Md. 15, 16. We have the transcript of both the original trial and the hearing before us and neither discloses anything to show that the finding of Judge Byrnes that the contentions pertaining to the pleas of guilty were without merit is not reasonable. At the original trial, applicant personally pleaded guilty to the first, eighth, ninth, tenth, eleventh and

twelfth counts. There appears on pages 8 and 9 of the transscript of the original trial the following:

> "The Court: (addressing applicant's court appointed counsel) Anything you want to say, or he wants to say?
> "Mr. Kozlovsky: You wish to take the stand?
> "Defendant: No, sir.
> "Mr. Kozlovsky: If Your Honor please, the record will show I am court appointed in this case. And I, myself, would like the record to show I interviewed this man on two occasions and tried my best to explain to him what the situation was from a legal standpoint; and want the record to further show the choice to plead guilty in this case was his, that he was not, in doing so, influenced by anything I told him. Isn't that correct?
> "Defendant: Yes.
> "Mr. Kozlovsky: The defendant indicated yes.
> "The Court: All right, ready for sentence.
> "Mr. Kozlovsky: Yes, Your Honor, before you sentence this man.
> (Argument)
> "The Court: I am going to compromise with you on giving the minimum. Sentence of The Court is confinement to the penitentiary for a period of fifteen years.

So the allegation given to support the third contention is without substance. Nor is the allegation given to support the fourth contention factually correct. The transcript of the original trial clearly shows that the transaction took place with the Federal Agent and not with the informer and this testimony was not disputed by applicant at the trial. There is no requirement that the State call an informer as its witness. *Smith v. State*, 242 Md. 712 (1966). The conclusion that applicant would have pleaded not guilty had the informer been present is not only speculative but is based on an incorrect premise and is without substance.

Applicant is no stranger to criminal proceedings. In addition

to the two previous convictions for violation of the narcotics law, the record discloses he was convicted of the crime of larceny on three separate occasions since 1949. There is ample in the record before us to show that the pleas of guilty were freely, voluntarily and intelligently made. We so hold and find the second, third and fourth contentions to be without merit.

A plea of guilty, freely and intelligently made, operates of itself as a "conviction of the highest order" and constitutes a waiver of all "nonjurisdictional defects." *Treadway v. Warden,* 243 Md. 680, citing *Gans v. Warden,* 233 Md. 626, 196 A. 2d 632 (1964). With a guilty plea voluntarily given, all procedural objections, constitutional or otherwise, are waived. *Campbell v. Warden,* 240 Md. 729, 731.

The applicant's first contention is waived by his voluntary pleas of guilty. With further regard to the first contention, applicant relies on *Lane v. Warden,* 320 F. 2d 179 (4th Cir. 1963) and Maryland Rule 713. In *Henderson v. Warden,* 248 F. Supp. 917 (1965), it was held that *Lane* was not to be applied retroactively and even if *Lane* is assumed to be correct on its holding on constitutional grounds, it is distinguished and should be distinguished from the instant case as it was distinguished in *Henderson v. Warden,* 237 Md. 519. In *Lane* the accused objected to the indictment. In the present case he made no objection at his original trial and in view of his pleas of guilty, can hardly claim prejudice on that ground. Maryland Rule 713 was effective January 1, 1962, subsequent to the indictment returned in the instant case. The original trial of applicant was properly conducted.

His "Additional allegations for an appeal motion" herein designated as "a", "b" and "c" are also waived by his pleas even if they were properly before us and factually correct. In any event, with regard to allegation "a", applicant gives no reason why the "silver platter doctrine," if assumed to be applicable, was not made an issue either at the original trial or the post conviction hearing and not having been raised below, this contention is not properly before us. *Sturgis v. Warden,* 241 Md. 728. With regard to allegation "b", his criminal record, except for the offenses in the indictment, in fact, was not read before the verdict of guilty was handed down and is devoid of

merit. With regard to allegation "c", the indictment had not been challenged prior to the addendum to applicant's leave to appeal nor is there a requirement that all witnesses to a criminal transaction testify before a grand jury in order to validate an indictment.

*Application denied.*