TONY GOPSHES *v.* STATE OF MARYLAND

[No. 173, Initial Term, 1967.]

*Decided June 7, 1967.*

The cause was argued before ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and RUSSELL, J., Associate Judge of the Eighth Judicial Circuit, specially assigned.

*George B. Woelfel, Jr.,* for appellant.

*Edward F. Borgerding, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Marvin*

*H. Anderson, State's Attorney for Anne Arundel County,* on the brief, for appellee.

PER CURIAM.

The Appellant, Tony Gopshes, was charged on a criminal information filed in the Circuit Court for Anne Arundel County, which contained three counts: (1) larceny of a motor vehicle; (2) receiving stolen goods; (3) unauthorized use of a motor vehicle. The Appellant was 22 years old, with an eleventh grade education, and was on probation from a conviction of interstate transportation of a stolen automobile. At the time of the arraignment, on January 24, 1966, he was extensively interrogated by the court concerning his desire and need for a lawyer. The Appellant insisted that he had no desire or need for an attorney. Even when advised that the court would appoint one at no cost to him he stated: "No, sir I don't need one. What I've got to say I can say for myself without counsel."

The court, thereafter, explained to the Appellant the distinction between the three counts; that the punishment for the crime of larceny could be as high as ten years confinement; and that the State's Attorney was pressing for a conviction on the larceny count. The Appellant reiterated his desire to plead guilty generally and the plea was accepted by the court. Thereafter, the State's Attorney summarized the facts of the case from information contained in the police reports and produced the Appellant's confession which was read by the court. After deferring sentence until the federal parole officer could be contacted, the court finally imposed a sentence of six years confinement in the Maryland House of Correction.

In this appeal, the Appellant poses the single question:

> "Did the Court, sitting without a jury, err in accepting a plea of guilty to Auto Larceny from a young Traverser not represented by Counsel when the Court also admitted into evidence a statement-type confession which clearly showed the Traverser intended only to use the car temporarily and would, therefore, be guilty of Unauthorized Use of a Motor Vehicle, not Larceny?"

In the confession, the Appellant states that he left his home at 11:00 p.m. on Saturday evening, November 23, 1965, to visit his sister. While en route, he saw a Cadillac automobile parked near her home. He had three automobile keys and decided to see if they would open and start the automobile. The first key did both. He drove the car back to his home, was joined by his brother and a friend, and then "headed for Arlington, Virginia." They got lost going through Washington and about 2:30 a.m. or 3:00 a.m. he drove into a parking lot "to look at a road map" because "we were on Route 495 heading for Alexandria, Virginia and I wanted to go to Arlington, Virginia. * * * The guard at the parking lot spot checked me and when he called the Alexandria, Va. Police I told him that the car was stolen. * * * We were all taken into custody and taken to the Alexandria, Virginia Police station. I gave the officers every bit of information that was necessary. That's about it."

The confession, which was taken by the Maryland State Police, contained the following question and answer:

"Q. After using the vehicle, where did you intend to leave it?

A. I was going to take it back to where I got it, if I could get back before 6:00 a.m."

The voluntariness of the confession and the guilty plea is not questioned in this appeal. The complaint is that the confession "* * * clearly shows that there was absolutely no intention to permanently deprive the owner" of his automobile and that, therefore, the court should have accepted a guilty plea to the third count—unauthorized use—rather than the guilty plea to the first count—larceny.

There is no question that one of the factors that distinguishes the two crimes is that in the crime of larceny there must be an intent to deprive the owner of his property permanently, while in the crime of unauthorized use there need only be an intent to deprive the owner of his property temporarily. *Fletcher v. State,* 231 Md. 190.

It is true that the Appellant asserts in his confession that he intended to return the car, "if I could get back before 6:00 a.m." The lower court, however, was not required to give ab-

solute credence to this assertion. It could well have found from the geographical location where the Appellant was arrested, the hour of the morning, and the fact that the Appellant had a prior stolen car conviction, that Appellant had no such intention at the time of his arrest and that the intention expressed in the confession amounted to no more than an exculpatory afterthought.

The crime of larceny was lucidly explained to the Appellant by the court; he was expressly advised as to the sentence that could be imposed upon a conviction of larceny; and it was made clear to him that the State's Attorney was pressing for a larceny conviction. He, nevertheless, insisted on entering a plea of guilty. It is clear, therefore, that his plea was freely and knowingly made. The Court of Appeals has held that a plea given under these circumstances "amounts to 'a conviction of the highest order' and makes unnecessary a trial or the production of evidence to support the indictment." *Gans v. Warden,* 233 Md. 626 (1964); *Biles v. State,* 230 Md. 537 (1964); *Buffington v. State,* 230 Md. 423 (1963).

Moreover, it has been consistently held that "a plea of guilty may be entered under circumstances indicating understanding and acquiescence on the part of the accused, and, under such circumstances, the acceptance of such a plea cannot be attacked for the first time on appeal." *Gleaton v. State,* 235 Md. 271 (1964) and cases cited therein.

*Judgment affirmed.*