WILLIAM RICHARD BLAKE *v.* STATE
OF MARYLAND

[No. 226, Initial Term, 1967.]

*Decided December 5, 1967.*

The cause was argued before ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and EVANS, J., Associate Judge of the Fifth Judicial Circuit, specially assigned.

*Jack D. Guertin* for appellant.

*Alfred J. O'Ferrall, III, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Ronald L. Willoner, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

PER CURIAM.

Appellant was indicted in the Circuit Court for Prince George's County on two indictments charging him with storehouse breaking, larceny, and receiving stolen goods in each indictment. He was tried by the court, sitting without a jury, on April 15, 1965, and was found guilty on the first and second counts of each indictment and sentenced to the Maryland Penitentiary for a term of ten years on each of the four counts, to run concurrently, same being Criminal Trials Numbers 5497 and 5498.

On May 2, 1966, after the decision of the Court of Appeals in *Schowgurow v. State,* 240 Md. 121, 213 A. 2d 475 (1965) and companion cases, appellant's court-appointed counsel filed a motion to quash the indictments in Numbers 5497 and 5498. On June 3, 1966, appellant was reindicted on the same charges in Criminal Trials Numbers 6340 and 6341. On June 23, 1966, appellant was taken into open court and the indictments returned in Numbers 5497 and 5498 were quashed. Although he was represented by counsel, his counsel was not present when the court granted his motion to quash.

On August 4, 1966, appellant was tried in the Circuit Court for Prince George's County by the court, sitting without a jury, in Criminal Trials Numbers 6340 and 6341 for storehouse breaking, larceny, and receiving stolen goods. In the presence of his court-appointed counsel, he entered a plea of guilty to the first count, storehouse breaking, in Number 6341, the State abandoned the second and third counts, and nolle prossed the three counts in Criminal Trials Number 6340. The court then sentenced appellant to ten years in the Maryland Penitentiary to begin as of April 15, 1965.

Appellant raises three contentions on this appeal:

1. That it was prejudicial and denial of due process to permit appellant to go before the court to be advised of rights under the *Schowgurow* decision, without counsel present; and on the same occasion have the indictments under Criminal Trials Numbers 5497 and 5498 quashed, without counsel present.

2. That appellant was put in double jeopardy by the court's acceptance of the guilty plea and sentencing of the appellant in Criminal Trials Number 6341 since his sentences under Criminal Trials Numbers 5497 and 5498 had not been properly set aside.

3. That the plea of guilty in Criminal Trials Number 6341 was not voluntarily and freely made as it was made pursuant to inducement made by the State.

I

Appellant first contends that the absence of counsel at the hearing on the motion to quash the prior indictments on June

23, 1966 was a deprivation of appellant's right to counsel at all stages of the proceedings. Appellant relies upon the unreported case of *Driver, Watson and Skinner v. State,* No. 78 September Term 1965, Maryland Court of Appeals, in support of his contention that counsel's presence was necessary. There the Court of Appeals filed an order to remand for further proceedings, in which it said:

> "That the above entitled appeal be remanded to the lower court for further proceedings, so that the appellant herein may be brought into open court with counsel present, either privately engaged or court-appointed, and with a court reporter present for the purpose of ascertaining whether the appellant desires to avail himself of the relief afforded by the rulings handed down by this Court in the decisions hereinbefore referred to, or whether, in the alternative, elects to waive any objections now available to him as a result of the referred to decisions."

We find that the directive as set forth in *Driver* does not apply to the facts here. In the instant case, appellant's counsel had previously filed a written motion to quash the indictments because they had been returned by an illegally constituted Grand Jury and the granting of the motion by the court was a mere formality, in no way harmful or prejudicial to appellant's rights. The *Driver* directive sets forth a procedural formula to be followed when the defendant has not raised a challenge and is thus entitled to be duly and fully informed of his rights in order to allow him to make an intelligent and knowing election of whether to take advantage of his rights under the *Schowgurow* decision or knowingly waive these rights. We agree that an accused is entitled to counsel at every critical stage of the proceedings against him. *Hoskins v. Warden,* 235 Md. 613, 200 A. 2d 688 (1964) ; *DeToro v. Pepersack,* 332 F. 2d 341 (1964). Here, however, the appellant made his election under *Schowgurow* when his counsel filed the motion to quash the prior indictments under which he had previously been convicted. The granting of his motion by the court resulted in no prejudice to appellant as it had the effect of nullifying all subsequent pro-

ceedings on the indictments under which he had previously been convicted, including his first trial. *Smith v. State*, 240 Md. 464, 214 A. 2d 563 (1965). Since the accused was not prejudiced or potentially prejudiced by the granting of his motion, the fact that his counsel was not present did not amount to denial of due process. It may be noted that he was not called upon to plead to the new indictments. Since this was not a critical stage of the proceedings, we find his first contention to be without merit.

## II

Appellant's second contention is without merit. He argues that he was put in jeopardy twice for the same offenses by the acceptance by the court of the guilty plea and sentencing of the appellant in Criminal Trials Number 6341 when his sentences under Criminal Trials Number 5497 and 5498 had not been properly set aside.

In *Tate v. State*, 236 Md. 312, 203 A. 2d 882 (1964), the Court of Appeals held that when a defendant has been tried on an indictment or information that is invalid, he is not in jeopardy and he may be indicted and tried again. This Court adopted the rule laid down in *Tate v. State, supra,* in *Sadler v. State,* 1 Md. App. 383, 230 A. 2d 372 (1967), and *Benton v. State,* 1 Md. App. 647 (1967).

In *Sadler* this Court found that the appellants by their election to have the indictments involved in their first trial declared invalid under *Schowgurow, supra,* and *State v. Madison,* 240 Md. 265, 213 A. 2d 880 (1965) brought their cases squarely within the rule set forth in *Tate v. State, supra.* Here, the appellant by his motion to quash the prior indictments under which he had previously been convicted resulted in these indictments being held invalid which brings his case within the rule stated in *Tate.*

His claim that the indictments were not properly dismissed since it was done in open court without counsel present, and, therefore, his second sentence would constitute placing him twice in jeopardy, depends upon this Court's finding on his first contention. Since this Court found his first contention without merit, his claim here is likewise without merit.

Appellant next claims that when the court granted his motion to quash the two prior indictments it failed to strike out or set aside the sentences imposed under the two prior indictments under which he was convicted. This contention is without merit since the sentences were rendered a nullity by the court's granting appellant's motion to quash and resultant dismissal of the indictments. This is confirmed by the transcript of the proceedings on the motion to quash. The transcript shows that after the court granted the motion to quash the two indictments, the appellant was ordered released from the Penitentiary and remanded to the County Jail pending the making of bond on the two new indictments returned after the *Schowgurow* decision.

## III

Appellant's final contention is that his plea of guilty in Criminal Trials Number 6341 was not voluntarily and freely made as it was made pursuant to an inducement made by the State.

In support of this contention he alleges that the record indicates that appellant's plea of guilty was conditioned on an agreement with the State to nolle prosse the remaining counts of each indictment, and that it was therefore error for the trial court to accept the plea of guilty.

The record before us reveals that appellant's plea of guilty was freely, voluntarily and intelligently made. A plea of guilty, freely and intelligently made, operates of itself as a conviction of the highest order and constitutes a waiver of all nonjurisdictional defects. *Treadway v. Warden,* 243 Md. 680, 220 A. 2d 907 (1966) ; *Gans v. Warden,* 233 Md. 626, 196 A. 2d 632 (1964) ; *Washington v. Warden,* 1 Md. App. 56, 227 A. 2d 52 (1967). With a guilty plea voluntarily given, all procedural objections, constitutional or otherwise, are waived. *Campbell v. Warden,* 240 Md. 729, 731, 215 A. 2d 220 (1965) ; *Washington v. Warden, supra.* Furthermore, a plea of guilty entered under circumstances of understanding and acquiescence on the part of the accused when accepted cannot be attacked for the first time on appeal. *Gleaton v. State,* 235 Md. 271, 276, 201 A. 2d 353 (1964) ; *Cooper v. State,* 231 Md. 248, 189 A. 2d 620 (1963).

The trial transcript reveals that appellant was thoroughly examined by the court as to the voluntariness of his guilty plea, and that examination in conjunction with a written statement, signed by the appellant and witnessed by his attorney and the Assistant State's Attorney and read by the court to the appellant and then filed in the proceedings, establishes that the plea was freely and knowingly made. The statement signed by the defendant clearly sets forth the absence of inducements, rewards or threats and the knowledge that the court was not bound by any agreement. Appellant was fully advised of his position and rights by his counsel and knew the State had a strong case against him. It is clear from the record that appellant's guilty plea was not the result of any inducement on the part of the State, but was freely and voluntarily given, knowing it was in his own best interests.

With respect to the absence of other sustaining evidence to support a guilty finding, it is well established that complaints of insufficiency of evidence are not sustainable under the rule that a plea of guilty, freely and knowingly made, when accepted, as was the case here, amounts to a conviction of the highest order and makes unnecessary trial or production of evidence to support the indictment. *Gans v. Warden, supra.* We find no merit in appellant's third contention.

*Judgment affirmed.*