## WILLIAM R. LOUDERMILK v. DIRECTOR, PATUXENT INSTITUTION

[No. 68, September Term, 1967.]

*Decided February 2, 1968.*

Before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

PER CURIAM.

This is an application for leave to appeal from an order filed on June 8, 1967, by Judge John E. Raine, Jr., sitting in the Circuit Court for Baltimore County, denying relief sought under the Uniform Post Conviction Procedure Act.

Petitioner was brought to trial on January 17, 1962, before Judge W. Albert Menchine in the Circuit Court for Baltimore County on charges of assault and robbery, and escaping from a place of legal confinement. He pled guilty to these charges

and on this same day was sentenced to five years in the Maryland Penitentiary on the escape charge and to nine years on the assault and robbery charge, the sentences to run consecutively.

Petitioner states four grounds for relief in his amended petition filed on January 12, 1967:

(1) His arrest without a warrant was illegal.
(2) The evidence obtained by the result of an illegal search and seizure should have been suppressed.
(3) His escape was lawful since he was confined as a result of an illegal arrest, thus making his plea of guilty and the resulting sentence nullities.
(4) Incompetency of counsel.

A prior habeas corpus proceeding was initiated on September 13, 1963, when applicant filed a petition for a Writ of Habeas Corpus in the Circuit Court for Baltimore County and alleged the following grounds:

1. Illegality of the arrest because:
   (a) "The police could not have showed just cause for the arrest;"
   (b) The arrest was made by Baltimore County police officers within the limits of Baltimore City;
2. Illegal search of his apartment;
   and
3. Incompetency of counsel.

A hearing was held in open court on October 30, 1964, at which time the applicant testified. His attorney later submitted an eight page memorandum of authorities to support the contentions. The petition was denied by Judge Walter M. Jenifer in a well-reasoned eight page memorandum opinion and order filed on February 5, 1965. In it, Judge Jenifer found that applicant's escape from custody was illegal and a violation of the escape statute, Md. Code (1967 Repl. Vol.), Art. 27, § 139, since he had found that the applicant had been "legally detained and confined." He also fully considered all of the grounds alleged in the present petition.

The Uniform Post Conviction Procedure Act states that:

"an allegation of error shall be deemed to be finally litigated * * * when a Court of original jurisdiction, after a full and fair hearing, has rendered a decision on the merits thereof upon a petition for a writ of habeas corpus * * * unless said decision upon the merits of such petition is clearly erroneous." Md. Code (1967 Repl. Vol.), Art. 27, § 645A (b).

Since applicant has had a "full and fair hearing" on the merits of his contentions and the decision of Judge Jenifer in the lower court is not clearly erroneous, applicant's contentions have been finally litigated within the meaning of the Act and cannot be properly raised under the Act today. Despite this, Judge Raine fully considered all of the applicant's contentions. Thus, the applicant was given more consideration than he was entitled to receive and he has no reason to complain.

Petitioner has also failed to comply with Md. Rule BK 46 (b), which requires that the application for leave to appeal "contain a brief statement of the reasons why the order should be reversed or modified." For this reason alone, the application should be denied. *Ross v. Warden,* 1 Md. App. 46; *Washington v. Warden,* 1 Md. App. 56.

*Application denied.*