STATE OF MARYLAND *v*. LARRY GORDON

[No. 99, September Term, 1967.]

*Decided April 30, 1968.*

Before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

PER CURIAM.

This is an application for leave to appeal from an order filed on June 9, 1967, by Judge Walter H. Moorman, presiding in the Circuit Court for Montgomery County, granting relief sought under the Uniform Post Conviction Procedure Act, and awarding the petitioner a new trial.

The petitioner was convicted of housebreaking and larceny on February 11, 1964, after entering a plea of guilty before Judge Kathryn J. Shook. He was then sentenced to a term of ten years in the Maryland Penitentiary. He filed this, his first petition under the Act, on December 15, 1966. On March 15, 1967, an amended petition was filed by his attorney. At his hearing, only two contentions were presented:

(1) That his attorney was incompetent.
(2) That the trial judge improperly accepted his plea of guilty.

The lower court, after a full evidentiary hearing, found that the trial judge had properly accepted the plea of guilty after asking the defendant a series of questions so as to satisfy the court that the plea was knowingly and voluntarily made. The court found that the trial judge had no way of knowing of the incompetence of defendant's counsel. No objection has been presented to this finding.

As to the first contention, the court found that:

"The petitioner was represented by incompetent counsel and for the following reasons: (1) absolutely no effort was made by the petitioner's attorney to investigate the charges against him, nor did he even attempt to prepare a defense, nor did he make any attempt whatever to find or discover evidence which he might have introduced as matter in extenuation or mitigation even though there was a plea of guilty; (2) that an attorney actively engaged in malpractice and proven to be actively engaged in fraud and deceit against his

clients, is not only incompetent but totally unfit to represent a defendant in any criminal or civil case."

The transcript of the testimony taken at the hearing discloses that shortly after the petitioner's arrest in January, 1964, his mother, Mrs. E. E. Gordon, employed Philip H. Sapero, Sr., an attorney, to represent her son. A week before the trial, she conferred with Mr. Sapero, who assured her that if her son pled guilty, he would not receive a sentence of more than six months, but that if he did not so plead, he would receive the maximum sentence. Prior to this conference, Mrs. Gordon had visited Mr. Sapero's house three times at his request, paying him on the first visit one hundred dollars, on the second visit one hundred dollars, and on the third visit two hundred dollars at which time she also gave him a promissory note for eight hundred dollars.

The petitioner testified that the attorney visited him twice before trial. The first visit was held three weeks before trial and lasted about forty-five minutes. The next visit was one-half hour before trial at which time his attorney advised him that if he would plead guilty, he would not be confined for more than two years. The testimony further discloses that although five Montgomery County police officers were involved in the case, including the arresting and investigating officers, none of these police officers were interviewed by the attorney for the petitioner nor is there any evidence to reflect that any witnesses were interviewed by him other than the petitioner himself. The transcript reveals that the petitioner entered a plea of guilty and that the trial convened at 10:15 a.m. and was completed at 10:40 a.m., a total of twenty-five minutes. Before sentencing, the trial judge asked counsel if he desired a pre-sentence investigation, to which he replied that he did not. The judge then asked the petitioner the same question, to which he also replied in the negative.

Petitioner's attorney failed to appear at the hearing and service could not be obtained upon him since he had left the jurisdiction after his disbarment from the practice of law in the State of Maryland on October 6, 1964, for the embezzlement of substantial sums of money from his clients.

In its application for leave to appeal, the State raises only one contention, namely, that the petitioner's plea of guilty, made at the time of his trial, was free and voluntary.

It has been repeatedly held by the Court of Appeals and by this Court that a plea of guilty, freely and voluntarily made, amounts to a conviction of the highest order. *Gophes v. State,* 1 Md. App. 396, 399, 230 A. 2d 475 (1967) and cases cited therein. However, such a plea of guilty must be entered under circumstances indicating understanding and acquiescence on the part of the accused, and, under such circumstances, the acceptance of such a plea cannot be attacked for the first time on appeal. *Gleaton v. State,* 235 Md. 271, 276, 201 A. 2d 353 (1964). The lower court found that petitioner's plea was not freely and voluntarily made, and in doing so, based his conclusions upon the factual finding that representation by his attorney was totally inadequate.

"The test for measuring competency of counsel is whether, after examination of all facts of the case and the making of findings with respect thereto, it appears that the petitioner has been afforded adequate and effective representation." *Jones v. Warden,* 244 Md. 720, 721, 224 A. 2d 274 (1966), citing *Slater v. Warden,* 241 Md. 668, 217 A. 2d 344 (1966) ; *Hyde v. Warden,* 235 Md. 641, 202 A. 2d 382 (1964).

On the basis of the factual findings by the lower court, that the petitioner had not been afforded adequate and effective representation, we cannot say that his decision was clearly erroneous. Maryland Rule 1086.

*Application denied.*