### DAVID ERNEST SMITH *v.* STATE OF MARYLAND

[No. 137, September Term, 1968.]

*Decided January 16, 1969.*

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Jeffrey R. Schmieler* for appellant.

*Donald Needle, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *James E. Kenkel, Deputy State's Attorney for Prince George's County,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

David Ernest Smith, the appellant, pleaded guilty to murder in the second degree in the Circuit Court for Prince George's County, Judge Perry G. Bowen, Jr., presiding.[1]

---

1. Under Md. Code Article 27 § 412 it was impossible to enter a plea of guilty to a degree of murder. The plea was required to be entered as guilty of murder generally and the obligation was upon the trial judge to hear the evidence and make his own determination as to whether the verdict would be guilty of murder in the first degree or guilty of murder in the second degree. This procedure, however, has been changed by Maryland Rule 724 which permits a plea of guilty to a specific degree of a crime. Under the Constitution of Maryland, Art. 4, §§ 18, 18A and Md. Code Art. 26, § 25 the rule prevails since it was adopted subsequent to the statute. See *Hauver v. Dorsey,* 228 Md. 499, 180 A. 2d 475 and *Bastian v. Watkins,* 230 Md. 325, 187 A. 2d 304.

Smith initially contends that the plea should not have been accepted by the court. The record discloses that after a general plea of not guilty had been entered to the indictment; after a jury had been empaneled; after opening statements had been made; and after four witnesses had testified on behalf of the prosecution, counsel for the accused announced to the court:

> "I would like to at this time withdraw the plea of not guilty on [sic] murder in the first degree. I would like to enter a plea of guilty of murder in the second degree. I would like to add, for the record, that all features on all counts on all charges have been thoroughly explained to the defendant, and who does this of his own choice, voluntarily, with no promises or inducements. I say that in open court. He is sitting here and I am sure he will agree to that. And it is my further understanding that in view of this plea that the State now has certain recommendations or motions to make."

The trial judge then interrogated the accused as follows:

> "THE COURT: Smith, stand up. Did you hear what your attorney said to the Court?
>
> "THE DEFENDANT: Yes, Your Honor, I did.
>
> "THE COURT: You understand that you are currently in the midst of a trial for murder,—
>
> "THE DEFENDANT: Yes, sir.
>
> "THE COURT: —as to which you have entered a plea of not guilty; you understand that?
>
> "THE DEFENDANT: Yes, sir.
>
> "THE COURT: You understand this murder indictment charges you with three offenses, murder in the first degree, murder, and manslaughter? You understand that? There are three degrees or levels of this crime of murder; do you understand that?
>
> "THE DEFENDANT: Yes, Your Honor.
>
> "THE COURT: You understand that Mr. Smith [Appellant's attorney below] has offered to the Court that you desire to withdrawn your plea of not guilty generally to this charge and to plead not guilty to

murder in the first degree, but guilty of murder? Do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: Do you understand that if the Court accepts your plea of guilty to murder that it will not be necessary for the State's Attorney to prove beyond a reasonable doubt that you are guilty of murder, but rather than presume that you are innocent, as it does now, you will be presumed to be guilty and there will be no further question of your guilt or innocence of murder? Do you understand that?

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: Do you understand that the maximum sentence for this offense is confinement for a period of 32 years in the penitentiary? [2]

"THE DEFENDANT: Yes, sir.

"THE COURT: You understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: Do you understand that if the Court accepts this plea it could forthwith sentence you to that period of confinement without any further proceedings?

"THE DEFENDANT: Yes.

"THE COURT: Speak up.

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: Are you satisfied with the representation that Mr. Smith and his associate here at the trial table have given you in this case?

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: Is the reason that you desire to change your plea from not guilty to guilty of murder the fact that you did in fact kill Nellie Veronica Forbes, and murder her, and not for any other reason?

"THE DEFENDANT: Can you repeat that, please?

"THE COURT: Is the reason that you now offer to plead guilty to murder because you did in fact kill and murder Nellie Veronica Forbes and not for any other reason?

---

2. The penalty is 30 years, Md. Code Art. 27, Sec. 414.

"THE DEFENDANT: No.

"THE COURT: Very well, you may be seated. Madam Clerk, you may strike the plea of guilty generally in Case Number 7227, and enter a plea of not guilty to murder in the first degree, but guilty of murder in the second degree."

Smith's specific contention is that his answer to the last question indicated the claim that he did not kill and murder the victim and that the trial judge should not have accepted the plea without further inquiry. We think, under the circumstances of this case, the claim is frivolous. The negative response was clearly a reply only to the latter part of the court's double inquiry, i.e., the appellant was pleading guilty "not for any other reason," although we do not agree that it would have been better had the trial judge's question not been so easily susceptible to an ambiguous answer. The Court of Appeals in *James v. State,* 242 Md. 424, 219 A. 2d 17 and this Court in *Gopshes v. State,* 1 Md. App. 396, 399, 230 A. 2d 475, *Blake v. State,* 2 Md. App. 492, 497-98, 235 A. 2d 569, *Meadows v. State,* 3 Md. App. 441, 443-44, 239 A. 2d 767, *State v. Gordon,* 4 Md. App. 78, 81, 241 A. 2d 169 and *Wayne v. State,* 4 Md. App. 424, 429-30, 243 A. 2d 19 have held that it is the obligation of the trial court to satisfy himself that a plea of guilty is voluntarily made and that the accused understands the nature of the charges against him and the consequences of his plea. We think the inquiries of the court, set forth above, satisfied this test.

Smith further contends that the trial court committed error when it accepted his plea of guilty without specifically entering a verdict of guilty. Smith cites no authority to support his proposition and we have been unable to find any. The authorities available are contrary and hold, as stated by the Court of Appeals of Maryland, in *Biles v. State,* 230 Md. 537, 187 A. 2d 850:

"Upon a plea of guilty, all that a court is required to do is enter judgment and impose sentence *as on a verdict of guilty;* and a judgment so entered cannot ordinarily be reviewed on appeal. *Lowe v. State,* 111 Md. 1, 73 A. 637, 24 L.R.A., N. S. 439." (Italics added)

To the same effect see *People v. Goldstein,* 32 Cal. 432 (1867), *Griffith v. State,* 36 Ind. 406 (1871), *Commonwealth v. Lockwood,* 109 Mass. 323 (1872), *Warner v. State,* 143 N. E. 288 (Ind. 1924), *State v. Stevens,* 139 A. 78 (Del. 1927) ; see also 24 C.J.S. § 1563 (1).

Finally Smith contends that he was prejudiced because the State's Attorney at the sentencing stage of the trial informed the court as to his prior criminal record. It is elementary that in imposing sentence that the trial judge rely on all information available to him concerning the accused's past conduct. See *Logan v. State,* 1 Md. App. 213, 217, 228 A. 2d 837, *Miller v. State,* 1 Md. App. 653, 656, 232 A. 2d 548, *Gee v. State,* 2 Md. App. 61, 68, 233 A. 2d 336, *Thomas v. State,* 2 Md. App. 645, 650, 236 A. 2d 747 and *Baker v. State,* 3 Md. App. 251, 257, 238 A. 2d 561.

*Judgment affirmed.*