CLIFTON CHURCH a/k/a BERNARD HOLLAND
*v.* STATE OF MARYLAND

[No. 141, September Term, 1968.]

*Decided January 16, 1969.*

The cause was argued before MURPHY, C.J., and ANDER-
SON, MORTON, ORTH, and THOMPSON, JJ.

*John D. Hackett* for appellant.

*Donald Needle, Assistant Attorney General,* with whom were
*Francis B. Burch, Attorney General, Charles E. Moylan, Jr.,
State's Attorney for Baltimore City,* and *Robert S. Fertitta,
Assistant State's Attorney for Baltimore City,* on the brief, for
appellee.

THOMPSON, J., delivered the opinion of the Court.

Clifton Church, the appellant, was convicted of armed rob-
bery by the Criminal Court of Baltimore, Judge E. McMaster
Duer presiding. He was sentenced to a term of twenty years.
On appeal he alleges that his guilty plea was not knowingly
made and that the sentence was cruel and excessive.

The statement of facts by the prosecutor showed that Church
and another, both armed with pistols, entered the Colony Credit
Corporation office in Baltimore, demanded money from two
employees therein and stole more than $2300 in cash. He could
have been identified by both employees. The circumstances
surrounding the entry of the guilty plea are detailed in the rec-
ord as follows:

> "MR. HARRIS: The plea is guilty to the first
> count of the indictment. Mr. Church, is your plea of
> guilty being given voluntarily?
> "MR. CHURCH: Yes, it is.
> "MR. HARRIS: Has anybody offered you any
> promises or inducements in connection with your
> guilty plea?
> "MR. CHURCH: No.

"MR. HARRIS: You understand when you plead guilty the rules of evidence are suspended and that all and any evidence can come in against you pertaining to those particular events?

"MR. CHURCH: Yes.

"MR. HARRIS: That you are subject to twenty years imprisonment, the maximum, you understand that?

"MR. CHURCH: Yes.

"MR. HARRIS: Why are you pleading guilty this morning?

"MR. CHURCH: Because I committed the robbery.

"THE COURT: I did not understand you.

"MR. CHURCH: Because I committed the robbery.

"MR. FERTITTA: The plea is acceptable to the State.

"THE COURT: Mr. Church, you understand that your rights have been fully explained to you by Mr. Harris, your counselor.

"MR. CHURCH: Yes, they have, Your Honor.

"THE COURT: That you have a right to come into this court on pleas of innocence.

"MR. CHURCH: I do.

"THE COURT: You know you have a right to enter a plea of not guilty and you have a right to trial by a jury of twelve persons.

"MR. CHURCH: Yes, sir.

"THE COURT: You still plead guilty and elect to be tried by me, the Court?

"MR. CHURCH: Yes, sir.

"THE COURT: And taking all that into consideration, you still enter a plea of guilty to robbery with a deadly weapon, is that correct?

"MR. CHURCH: Yes, I do. If I could, I would like to explain why.

"THE COURT: I will take your plea first, then I will hear from you and you can say anything you

wish. On the first count of the indictment, the Court finds you guilty. The remaining counts of the indictment I presume are merged in this.

"MR. FERTITTA: Your Honor, they are either merged or are inconsistent with the guilty finding.

"THE COURT: What about the sixth count?

"MR. FERTITTA: The sixth count is larceny?

"THE COURT: Yes.

"MR. FERTITTA: Your Honor, I would assume that was merged.

"MR. HARRIS: It would be my impression, Your Honor, that a robbery is an aggravated larceny.

"THE COURT: All right. I will find him guilty under the first count. All right."

Church seems to concede that his plea of guilty under the circumstances set out above would comply with the standards set down by the Court of Appeals in the case of *James v. State,* 242 Md. 424, 219 A. 2d 17 and followed by this Court in *Duvall v. State,* 5 Md. App. 484, 248 A. 2d 401 and in other cases such as *Wayne v. State,* 4 Md. App. 424, 429-30, 243 A. 2d 19; but he alleges that this Court should lay down detailed standards as to the questions that should be asked by the trial judge as was done by the Michigan Court of Appeals in *State v. Taylor,* 2 CrL 2366 (1968) or as proposed by the American Bar Association project on minimum standards for criminal justice in its tentative draft on *Pleas of Guilty* or at least as required by Rule No. 11 of the Federal Rules of Criminal Procedure as amended. We think that an accused's rights are adequately protected by the rule we have followed which, while requiring no specific ritual, does require the record to show that the trial judge has satisfied himself of the voluntary character of the guilty plea and that the accused understand its nature and effect. If experience should dictate that an accused's rights should be further protected we think those standards should be established by statute or by rule of court so that trial judges would know in advance precisely what was required of them. Church, age thirty, does contend, however, that since the record shows that he went only to the seventh grade in vocational school he could not thoroughly understand the law as to all

rights he was waiving by his guilty plea; therefore, he could not have given a valid guilty plea. Such sophistication is not required even by the proposals made by the American Bar Association or by the Court of Appeals of Michigan in *State v. Taylor, supra* or by Federal Rule No. 11; and we know of no authority that requires that the accused must have such sophisticated knowledge in order to make a valid guilty plea.

Finally, Church complains of the fact that the judge imposed a maximum sentence permitted by the statute. His argument is, first, that the trial judge did not secure a presentencing report before imposing sentence, and secondly, that his record would indicate that he should not have received the maximum. The record as presented to the trial court showed that in 1954 Church was convicted of petty larceny; in 1955, of burglary; in 1966, of five separate larceny charges. On appeal, he alleges that one of the car thefts in 1966 was reversed on appeal, but he gives no citation and the conviction was not challenged before the trial judge.

In *Washington v. State,* 2 Md. App. 633, 634, 236 A. 2d 32 this Court stated:

> "It is well settled that imposition of sentence in a criminal case in this State is a matter peculiarly within the province of the trial judge, *Reid v. State,* 200 Md. 89, 88 A. 2d 478, 89 A. 2d 227, *Gee v. State,* 2 Md. App. 61, 233 A. 2d 336; and that a sentence will be reviewed on appeal only where grossly and inordinately disproportionate to the offense to such an extent that the sentence was evidently dictated not by a sense of public duty, but by passion, prejudice, ill will, or other unworthy motive, *James v. State,* 242 Md. 424, 219 A. 2d 17, *Fisher v. State,* 1 Md. App. 505, 231 A. 2d 720."

There is nothing in the present record that would bring this case within the rule set out in *Washington v. State, supra.* There is no requirement under Maryland Rule 761 c that the trial judge is required to make use of a presentence report, and we see nothing improper in the fact that the trial judge imposed a maximum sentence.

*Judgment affirmed.*