# GEORGE HENRY MONTANYE v. STATE OF MARYLAND

[No. 446, September Term, 1968.]

*Decided September 10, 1969.*

The cause was argued before MURPHY, C.J., and AN-DERSON, MORTON, ORTH, and THOMPSON, JJ.

*Martin A. Ferris, III,* for appellant.

*T. Joseph Touhey, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Samuel A. Green, Jr., State's Attorney for Baltimore County,* and *Edward A. DeWaters, Jr., Assistant State's Attorney for Baltimore County,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

George Henry Montanye, the appellant, was sentenced to a term of fifteen years by the Circuit Court for Baltimore County after a plea of guilty to robbery with a dangerous and deadly weapon. Prior to the entry of the plea there was the following colloquy:

> "THE COURT: Do you wish the indictment to be read?
>
> "MR. SHEHAN: No, no. We waive the reading, Your Honor.
>
> "THE COURT: The plea, gentlemen?
>
> "MR. SHEHAN: Guilty.
>
> "THE COURT: Let the record show, Indictment 34956, George Henry Montayne,[1] a plea of guilty of the First Count, and not guilty of the Fourth Count of Indictment —all right, gentlemen. I might explain to you, Mr. Montayne, first of all, you have a right to be tried by this Court or by a Jury of twelve people. You must make that election yourself. Your counsel cannot do it. He can only advise you what he thinks is best. Apparently, from what I understand, you waive your right of a Jury trial and you desire to be tried by this Court, is that correct?
>
> "MR. MONTAYNE: Yes, sir.
>
> "THE COURT: You understand by pleading guilty to the First Count, which is robbery with a dangerous and deadly weapon, that the Court can sentence you up to twenty years.
>
> "MR. MONTAYNE: Yes, sir.
>
> "THE COURT: And from a practical standpoint, from a minimum of one to twenty, although there is no minimum. Do you understand that?
>
> "MR. MONTAYNE: Yes, sir.
>
> "THE COURT: You still desire to plead guilty?
>
> "MR. MONTAYNE: Yes, sir.

---

1. As spelled by court reporter.

"THE COURT: Are you satisfied with the advices [sic] given you by your counsel, the two gentlemen on your left and right?

"MR. MONTAYNE: Yes, sir.

"THE COURT: Are you satisfied that the Court hear these cases on an agreed statement of facts with no testimony?

"MR. MONTAYNE: Yes, sir.

"THE COURT: All right."

The statement of the State's Attorney showed that Montanye hailed a taxicab in Baltimore City and asked the driver to take him and some companions to an area in Baltimore County near Catonsville. Enroute one of the men pulled a gun and demanded money from the cabdriver, who gave them $17. The cabdriver was stabbed twice and shot once. It was agreed that Montanye did not personally participate in either the shooting or the stabbing. At the time of sentencing Montanye was nineteen years of age and had no criminal record. Background information on Montanye was furnished by his adopted father who had adopted Montanye when he was seven. The father said Montanye had lived at home until he was seventeen, when he joined the army from which he was given an undesirable discharge. The cause of the discharge was Montanye's dissatisfaction with service life when he was not permitted to serve in Viet Nam until he was nineteen. After Montanye's counsel pleaded for mitigation of sentence, the following occurred:

"THE COURT: On a plea of guilty, the Court finds the Defendant guilty. Is there anything the Defendant wants to say before sentencing?

"MR. MONTAYNE: Yes, sir. There is. If there is anything I could do for the crime I committed, I would do so now. I know that in pleading guilty of such a crime, there is a certain amount of time I have got to spend behind prison bars. I intend to try to live up to the promises that my father has said and I hope that he is still with me when I get out. That is all."

In his brief, Montanye alleges that he "had been led to believe that by entering a guilty plea and proceeding on an agreed statement of facts, he would receive a lesser sentence." He argues that since there is nothing in the record to dispute his allegation, the conviction should be reversed and remanded for a new trial. He further emphasizes that there were no inquiries by the court as to why he was pleading guilty. Specifically, he points to the facts that he was a youthful first offender unfamiliar with criminal proceedings, that the court did not inquire whether anyone made any promises or threats to persuade him to plead guilty, and that the court did not inquire whether Montanye understood that the severity of his punishment was solely in the trial court's discretion. Had any of these questions now presented by Montanye been asked at trial, the answers would have either confirmed or negatived his present contention.

It is apparent the trial judge did not inquire as deeply into the voluntariness of the guilty plea as trial judges throughout the State generally do, as evidenced by the following cases: *Fix v. State,* 5 Md. App. 703, 249 A. 2d 224, *Church v. State,* 5 Md. App. 642, 248 A. 2d 907, *Smith v. State,* 5 Md. App. 633, 248 A. 2d 913 c.f. *Duvall v. State,* 5 Md. App. 484, 248 A. 2d 401. We have carefully compared the inquiries as to voluntariness by the trial judge below with those approved by the Court of Appeals in *James v. State,* 242 Md. 424, 219 A. 2d 17; and we find that the trial judge's inquiry was equally, if not more, searching than that approved in *James, supra.*

In view of *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) which held that the constitution requires the record of state court proceedings affirmatively show facts sufficient to support the voluntariness of a guilty plea, the inquiry approved in *James, supra* may now be insufficient. We note, however, the guilty plea was accepted prior to June 2, 1969. Although the Supreme Court has not ruled on the retroactive application of *Boykin, supra,* we hold it is not retroactive

in view of the Court's failure to apply a similar federal rule retroactively. See *Halliday v. United States,* 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 which held *McCarthy v. United States,* 394 U. S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 not to be retroactive. *McCarthy* held the failure of a federal district judge to comply fully with Rule 11 of the Federal Rules of Criminal Procedure in accepting a guilty plea was reversible error. See also *Silverberg v. Warden,* 7 Md. App.     .

In affirming this conviction, we do so without prejudice to Montanye to show, if he can, under the Uniform Post Conviction Procedure Act that his plea was in fact not voluntary. This remedy has been available in Maryland at least since *Branson v. Warden,* 239 Md. 15, 209 A. 2d 784, see *Farrell v. Warden,* 241 Md. 46, 215 A. 2d 218.

*Judgment affirmed.*