## WILLIAMS *v.* STATE

[No. 249, September Term, 1958.]

*Decided June 5, 1959.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Anthony J. Nolan* for appellant.

*Clayton A. Dietrich, Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, J. Harold Grady, State's Attorney for Baltimore City,* and *Paul Wartzman, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PRESCOTT, J., delivered the opinion of the Court.

When Louis Thomas Williams was arraigned on a charge of burglary on October 3, 1958, the clerk asked him if he had a lawyer. To which he replied: "1 was just informed by the lawyer that the people that was supposed to give me—supposed to have given the money haven't given the money, want a postponement until I find out if they are giving the money." He was given the postponement and the clerk told him he had "better get in touch with your people, and get that attorney." On November 12, 1958, he appeared in court without counsel and was tried by the court, sitting without a jury. The record is devoid of any further reference being made of his failure to have, or his right to employ, a lawyer. He was convicted and sentenced.

He contends that the record shows a failure to comply with Rule 723 b and c. Rule 723 deals with the arraignment of defendants charged with criminal offenses. Rule 723 b, *inter alia,* states, "[i]f the defendant appears in court without counsel, the court *shall* advise him of his right to obtain counsel"; and Rule 723 c provides that, "[t]he record *shall affirmatively* show compliance with this Rule." (Emphasis supplied.) The wording of the Rule is so simple and plain that no elaboration thereof is necessary or desirable. The Rule means just what it says; and it is obvious from what has been said above that the record shows it was not complied with in two respects: the court did not advise the defendant of his right to obtain counsel, and the record fails affirmatively to show compliance with the Rule; consequently, the judgment must be reversed and the case remanded for a new trial. *Hill v. State,* 218 Md.

182

120, 145 A. 2d 445, *Bryant v. State,* 218 Md. 151, 145 A. 2d 777. Cf. *Roberts v. State,* 219 Md. 485, 150 A. 2d 448.

> *Judgment reversed, and case remanded for a new trial; the costs to be paid by the Mayor and City Council of Baltimore.*

HAMMOND, J., concurred in the result.