## SCHUETTE *v.* STATE

[No. 234, September Term, 1961.]

*Decided April 17, 1962.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, HORNEY and SYBERT, JJ.

*Charles A. Herndon, Jr.,* for appellant.

*Gerard Wm. Wittstadt, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Saul A. Harris, State's Attorney,* and *Robert V. Lazzaro, Assistant State's Attorney,* on the brief, for appellee.

PER CURIAM.

The appellant pleaded guilty under an indictment for escape from the Maryland Penitentiary. He now seeks to have the judgment and sentence entered upon that plea set aside,. contending that a copy of the indictment was not furnished to him in sufficient time prior to the arraignment to enable him to plead intelligently, in violation of Rule 723 (a) of the Maryland Rules (1958 ed.) and Art. 21 of the Maryland Declaration of Rights, and that the trial court failed effectively to inform him of his right to counsel, in violation of Rule 723 (b) and (c). We find no merit in either contention.

The indictment was received by the appellant on the day of his arraignment. It contained two counts, each stating the charge in simple language. At the arraignment the clerk informed appellant of the nature of the charge. After an inquiry by the clerk as to whether he planned to obtain counsel, appellant stated that he "* * * would rather just dispense with the preliminaries and if possible * * * just go ahead with the trial." Appellant then pleaded guilty. Any possible violation of Rule 723 (a) and (c) or the Maryland Declaration of Rights in regard to the time of serving the indictment was effectively waived when appellant requested immediate trial and voluntarily entered a plea of guilty. *Gouker v. State,* 224 Md. 524 (1961). The record reveals that appellant was 39 years

of age and of at least average intelligence. The charge recited in the indictment was uncomplicated and the record leaves no doubt but that the appellant understood it when he elected to proceed.

Appellant's further contention that he was not informed of his right to obtain counsel until after the court had accepted his plea of guilty, and then only in such unclear terms that he was not fully apprised of this right, in violation of Rule 723 (b) and (c), is not supported by the record. As noted, in reply to the clerk's inquiry as to appellant's plans in regard to an attorney, appellant stated he wanted to "just go ahead with the trial", and indicated that he wished to plead guilty. The plea was accepted, but subsequently the trial judge formally advised appellant of his right to counsel and concluded with the statement, "But if you want to proceed without counsel on a statement of facts, *as you have indicated,* I am willing. I ask you once more, you want to proceed in that manner?" (Emphasis supplied.) To this, appellant replied, "Yes, your honor." Under Rule 723 (b), a defendant may elect to proceed without counsel and plead his own cause. This is clearly what occurred in this case, and having so elected, appellant has waived any objection in this regard. *Midgett v. State,* 223 Md. 282 (1960).

At appellant's request, certain additional questions were presented by counsel at oral argument. These points were not raised below and are not properly before us, *Harmon v. State,* 227 Md. 602 (1962). In any event, examination of them reveals that they have no merit.

*Judgment affirmed.*