## TAYLOR v. STATE

[No. 51, September Term, 1962.]

Decided November 6, 1962.

The cause was argued before BRUNE, C. J., and HENDERSON, PRESCOTT, MARBURY and SYBERT, JJ.

*Julian B. Stevens, Jr.,* for the appellant.

*Russell R. Reno, Jr., Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General,* and *C. Osborne Duvall, State's Attorney for Anne Arundel County,* on the brief, for the appellee.

PER CURIAM.

On December 18, 1961, the appellant pleaded guilty, in the Circuit Court of Anne Arundel County, to an information charging him with having escaped from the Maryland House

of Correction "while undergoing lawful imprisonment" therein. Code (1957), Article 27, Section 139.

He raised three questions in his brief, but we find it necessary to consider the third only. He pleaded guilty, but the record fails to show, affirmatively, compliance by the trial court with Maryland Rule 723 b and c (now amended and designated as Rule 719 b 1 and d). Rule 723 b and c provided that "if the defendant appears in court without counsel, the court shall advise him of his right to obtain counsel" and "the record shall affirmatively show compliance with this Rule." We have held that these requirements are mandatory and must be complied with, irrespective of the gravity of the crime charged, the type of plea entered, or the lack of an affirmative showing of prejudice to the accused. *Hill v. State*, 218 Md. 120, 145 A. 2d 445; *Bryant v. State*, 218 Md. 151, 145 A. 2d 777; *Williams v. State*, 220 Md. 180, 151 A. 2d 721; *Merritt v. State*, 221 Md. 118; 156 A. 2d 228. The judgment must, therefore, be reversed and a new trial awarded.

> *Judgment reversed and case remanded for a new trial.*