## WARE *v.* STATE

[No. 371, September Term, 1963.]

*Decided May 29, 1964.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and MARBURY, JJ.

*Harry A. Cole* for appellant.

*Robert L. Karwacki, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell* and *Alfred J. O'Ferrall, III, State's Attorney* and *Assist-*

**132**

ant State's Attorney, respectively, for Baltimore City, on the brief, for appellee.

PER CURIAM.

The appellant was tried before a court without a jury on charges of larceny of an automobile and assault. He was acquitted of the first charge when the State failed to prove ownership, but convicted of the assault, alleged to have occurred on September 13, 1963. He now contends that the evidence was insufficient to show an assault.

Officer Theiman testified that he approached a parked car to question the driver, whom he identified as Ware. Ware started to pull away from the curb, and when ordered to stop, stepped on the gas and would have struck the officer had he not "gotten out of the way." We think the evidence was sufficient. Cf. *Rakes v. State*, 227 Md. 172. Ware was later apprehended driving or riding in the same car, which was then known to be a stolen one.

The appellant further contends that the trial court erred in allowing him to go to trial without counsel. The record shows clearly that he was fully advised of his right to counsel at his arraignment before Judge Oppenheimer in compliance with Maryland Rule 719 b, as amended effective August 10, 1963. He refused to accept the appointment of counsel. At his subsequent trial before Judge Harlan he reiterated his election to proceed without counsel. The appellant was thirty-five years old, with a long experience in the criminal courts. He obtained an acquittal on the larceny charge. The trial court, however, did not believe his defense of an alibi and his testimony that he was not in the car in question at the time of the alleged assault.

We have long recognized that an accused has a right to proceed without counsel, provided he makes an intelligent and understanding waiver of his right to counsel. *Roberts v. State*, 219 Md. 485; *Schuette v. State*, 228 Md. 340. The Supreme Court has recognized the same principle. *Johnson v. Zerbst*, 304 U. S. 458; *Carnley v. Cochran*, 369 U. S. 506. We find nothing to the contrary in *Gideon v. Wainwright*, 372 U. S.

335. We think the record shows an intelligent and understanding waiver in the case at bar.

*Judgment affirmed.*