SELL *v.* STATE

[No. 389, September Term, 1963.]

*Decided June 19, 1964.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and MARBURY, JJ.

*William H. Geppert,* with whom were *Gunter & Geppert* on the brief, for the appellant.

*Loring E. Hawes, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General,* and *James S. Getty, State's Attorney for Allegany County,* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

The appellant was convicted of assault in a non-jury case and sentenced to pay a fine of $50. He challenges the sufficiency of the evidence, and also raises a point of evidence.

The appellant was the general manager of Sell and Company, Inc., a wholesale distributor of food products making daily deliveries from its warehouse in Cumberland by means of a fleet of trucks. In July, 1963, a strike was called by Local 453, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, but a majority of the employees refused to go on strike. The Union set up a picket line, various acts of violence occurred, and charges were filed against the Union with the National Labor Relations Board. But before the charges came to trial the Union and its members on October 11, 1963, agreed to the entry of a cease and desist order by the United States Court of Appeals, directing them to refrain from obstructing ingress and egress by the Company trucks. The order was not entered until December 11, 1963.

On October 15, 1963, the appellant drove a loaded truck from the loading platform out of the entranceway. A group of seven men were standing there, and one of them, Stutzman, testified that Sell drove the truck at him, and brushed against him, although there was clear space for the truck to pass. Another witness testified that he would have been run over had he not jumped aside. Sell testified that he was moving slowly in low gear, about one to two miles per hour, and blew his horn. Other testimony was that he did not blow his horn, started suddenly and was travelling 10 miles per hour or more when he reached the entranceway. There was also testimony that when Stutzman spoke to Sell at the gas station a few minutes later, Sell told

him: "Any damn time you get in my driveway I'll run over you." This was corroborated by two other witnesses, although Sell denied it. There was also testimony that Sell was "mad" when he got into the truck at the warehouse.

We cannot find on this record that the trial court was clearly wrong. The case turns on an issue of credibility. See *Ware v. State*, 235 Md. 131, and cf. *Hughes v. State*, 198 Md. 424.

The appellant further contends that the trial court should have admitted the cease and desist order into evidence, or at least have permitted counsel to cross-examine Stutzman about it in order to impeach his credibility. It does not appear that the order was ever offered in evidence, so there is no ruling before us on that point. However, Stutzman, who was the business manager of Local 453 and in charge of the pickets, testified in cross-examination that none of the pickets had ever actually obstructed the trucks from entering or leaving the premises. He was then asked if he had not consented to the entry of a cease and desist order, and the court sustained an objection by the state's attorney on the ground that the order was not material to the charge of assault.

The appellee contends that the ruling was correct, because a witness may not be impeached on a collateral matter. See *Kantor v. Ash*, 215 Md. 285, and *Howard v. State*, 234 Md. 410, 415. If we assume, without deciding, that the matter was not too remote to fall within the scope of permissible cross-examination, we cannot find a reversible error on this record for the reason that it is not shown that the consent constituted an admission. It is quite possible that the consent was without prejudice, or in the nature of a nolo contendere plea rather than a plea of guilty. See 4 Wigmore, *Evidence* (3d ed., 1940), § 1066 at p. 58. Stutzman's answer, "I think you should read all the order," intimated that he had made no admission. The matter was not pursued by counsel for the appellant.

*Judgment affirmed, with costs.*