## JOHNNY MONTGOMERY *v.* WARDEN, MARYLAND HOUSE OF CORRECTION

[No. 43, Initial Term, 1967.]

*Decided February 21, 1967.*

Before ANDERSON, MORTON, ORTH and THOMPSON, JJ.

ORTH, J., delivered the opinion of the Court.

This is an application for leave to appeal from an order of April 13, 1966, of Judge J. Harold Grady, sitting in the Criminal Court of Baltimore, denying relief sought by a first petition for review under the Uniform Post Conviction Procedure Act.

On March 19, 1965, applicant was convicted in the Municipal Court of Baltimore City, Criminal Division, Judge Joseph G. Finnerty, presiding, of three charges of assault and a charge of malicious destruction of property. He was sentenced to one year in each case, the sentences to run consecutively. Applicant did not appeal from the judgments and sentences.

By applicant's petition, filed June 30, 1965, and at the post

conviction hearing, he made contentions in substance as follows:

1) He was not advised of his right to appeal.

2) He requested the service of legal counsel and the request was denied.

3) He was not advised of his right to counsel.

In addition, the petition alleges in general terms that his arrest was illegal, that the charges were placed by the police over the objections of a complaining witness, that evidence was "erroneously furnished", and more specifically that the initial arrest was caused by a completely unreliable witness motivated by "jealousy, contempt, and a complete lack of knowledge as to the law and its consequences". Judge Grady states that these allegations were not pursued at the hearing and in any event they are without merit. Assuming the arrest to be illegal, there is no allegation by applicant that any fruits were seized as a result thereof and used against him. The mere fact of an illegal arrest is not a ground for relief. *Brown v. Warden,* 240 Md. 710, 213 A. 2d 750 (1965); *Bryant v. Warden,* 235 Md. 658, 202 A. 2d 721 (1964). The remaining allegations not pursued by applicant go to the weight and sufficiency of the evidence and cannot be raised under post conviction. *Lee v. Warden,* 240 Md. 721, 214 A. 2d 142 (1965); *Carney v. Warden,* 235 Md. 676, 202 A. 2d 592 (1964).

With regard to the first contention, failure to inform a person convicted of a criminal offense of his rights with regard to appeal, does not constitute a denial of due process of law and is no basis for relief under the Uniform Post Conviction Procedure Act. *Duckett v. Warden,* 230 Md. 621, 185 A. 2d 712; *Dorris v. Warden,* 222 Md. 586, 158 A.2d 105.

There remain the second and third contentions which shall be considered together.

The petition is not clear as to exactly when or under what circumstances the applicant alleges he requested and was denied the services of legal counsel or as to exactly when or under what circumstances there was failure to advise him of his right to counsel. If it is assumed, as appears from the record, that the request and denial of counsel was upon or after his arrest prior to trial, then this, in itself, is not a ground for

post conviction relief. There being no allegation that a confession was admitted into evidence at his trial, the circumstances are outside of *Escobedo v. Illinois,* 378 U. S. 478, 12 L. Ed. 2d 977. *Bunn v. Warden,* 242 Md. 399. Nor is lack of counsel at arrest a ground for relief. *Walls v. Warden,* 242 Md. 401. The contention in the petition that he was not advised of his right to counsel, considered in the light of what may be most favorable to the applicant, would indicate that he was not so advised at his trial. While we do not have the transcript of the hearing before us, the hearing judge states that the applicant testified that the trial judge at no time mentioned to him anything about the services of an attorney but did advise him of his right to a jury trial which he refused because he thought that "time would be lighter". There is nothing before us to show that he asked for counsel at trial and was denied the request.

Contrary to applicant's testimony that the trial judge did not advise him of his right to counsel are the docket entries.

There are certified copies of the docket entries included in the record of this case. The entries under "Judge's Signature and Remarks" with respect to each of Arrest Register numbers WD 66262 and WD 66264 are identical, reading as follows :

"Joseph G. Finnerty
Defendant advised or right to counsel. (sic)
Elected to proceed without counsel."

The entries under that heading with respect to each of Arrest Register numbers WD 66267 and WD 66268 are identical, reading as follows :

"Joseph G. Finnerty
Defendant advised of right to counsel
Elected to proceed without counsel."

The hearing judge in the memorandum accompanying the order says,

"This Court, being aware of the great number of criminal trials which are conducted in the Municipal

Court of Baltimore City, recognizes the difficulty of producing testimony relating to the petitioner's contention. Consequently, based on the presumed correctness of the Docket Entries, this Court finds as a fact that the petitioner was advised of his right to counsel and that he elected to proceed to trial without counsel, and denies the petitioner relief on this ground."

He refers to *Coleman v. State,* 231 Md. 220 (1963) in which the Court of Appeals said, page 222,

" * * * this Court has held that a docket entry must be taken as true until corrected, and the proper court to correct an erroneous docket entry is the court in which the error occurred."

However, the instant case pertains to constitutional matters of no import in *Coleman.*

In the case of *Roberts v. State,* 219 Md. 485, the docket entry was as follows:

"Traverser informed of his right to have counsel appointed. Traverser in open Court freely waives right."

The opinion of the Court of Appeals contains a quote from the transcript of the proceedings, page 488:

"(The Court) 'Now we will take up the case of State v. Lloyd R. Roberts. Roberts, I asked you at the outset whether you had an attorney. You told me you didn't have one.'
(The Defendant) 'No sir.'
(The Court) 'And you do not want one, is that correct?'
(The Defendant) 'Yes sir.'
(The Court) 'Let the record show that plainly. * * *' "

The Court found, page 488, that "the transcript clearly showed that there had been a previous discussion of the matter of counsel between the court and the defendant."

The Court affirmed the judgment, holding that under *Betts v. Brady,* 316 U. S. 455, it is not constitutionally necessary that counsel for indigent defendants be appointed in all state prosecutions. It pointed out that at that time *Betts* had not been overruled and, on the contrary, had been recognized repeatedly in subsequent discussions of the Supreme Court; that the accused was regrettably familiar, through personal experience, with the conduct of criminal proceedings; that the charge was simple, being ·expressed in readily understandable terms in a brief information; that the defense was simple— an alibi; that although the judge felt the accused needed some mental treatment and directed he be sent to Patuxent Institution for examination, this meant "emotional unbalance" rather than "intellectual deficiency". We do not find *Roberts* to be factually comparable to the instant case.

Of more significance, however, is that *Betts* was overruled prior to applicant's conviction. In *Manning v. State,* 237 Md. 349, the Court of Appeals said, pages 350, 351.

> "On March 18, 1963, * * * the Supreme Court decided *Gideon v. Wainwright,* 372 U. S. 335, 9 L. Ed. 2d 799, in which it in terms overruled *Betts v. Brady* and, in effect, made absolute the right of the accused in a serious state prosecution to have counsel for his defense."

And after stating the pertinent parts of Maryland Rule 719, the Court said, page 353,

> "In *Taylor v. State,* 230 Md. 1, we held the requirements of Rule 719 to be mandatory and, therefore, required to be complied with irrespective of the type of plea entered or the lack of an affirmative showing of prejudice to the accused. We have no doubt that if *Gideon* controls to impose on the State the federal constitutional requirements of representation by a lawyer, the accused, unless he affirmatively and knowingly waives the right, must be represented by counsel, either privately secured or furnished by the State, in any case in which the possible punishment equals

or exceeds * * * the punishments specified in Rule 719. *Cf. White v. Maryland,* 373 U. S. 59, 10 L. Ed. 2d 193."

It is noted that the provisions of Maryland Rule 719, as promulgated August 7, 1963, to conform with *Gideon,* are different from the provisions of former Maryland Rule 723 cited in *Roberts.*[1]

It is also noted that even at the time of the decision in *Roberts,* the Supreme Court had said in *Wade v. Mayo,* 334 U. S. 672, 684:

> "There are some individuals who, by reason of age, ignorance or mental capacity, are incapable of representing themselves adequately in a prosecution of a relatively simple nature. This incapacity is purely personal and can be determined only by an examination and observation of the individual. Where such incapacity is present, the refusal to appoint counsel is a denial of due process of law under the Fourteenth Amendment."

---

1. Maryland Rule 719 b reads as follows:

"b. Assignment of Counsel.

1. Advice by Court.

If at any stage of the proceeding, the accused appears in court without counsel, the court shall advise him of his right to counsel.

2. When Required—Conditions.

Unless the accused elects to proceed without counsel or is financially able to obtain counsel—

(a) The court shall assign counsel to represent him if the offense charged is one for which the maximum punishment is death or imprisonment for a period of six months or more, or a fine of $500.00 or more, or both; provided that notwithstanding the foregoing, counsel need not be assigned where the offense charged is desertion or nonsupport of wife, children or destitute parents.

(b) The court may assign counsel to represent the accused in any other case, and in determining whether or not to assign counsel, the court shall take into consideration the complexity of the case, the youth, inexperience and mental ability of the accused and any other relevant consideration.

3. Request for Counsel.

If an accused who is not financially able to obtain counsel requests assignment of counsel, the court shall assign counsel pursuant to subsection 2 of section b of this Rule."

It is clear, in this case, that, at the time of applicant's trial and sentence, the principles enunciated in *Gideon* applied, even though the trial was in the Municipal Court of Baltimore City. *Manning v. State, supra.*

The question is, therefore, whether the applicant, in fact, waived his right to be represented by counsel under such circumstances and in such manner that there was no denial of due process. It is constitutionally possible to waive the right to be represented. *Cummings, etc. v. Warden,* 243 Md. 702; citing *Ware v. State,* 235 Md. 131.

The Supreme Court set forth the criteria of waiver in *Carnley v. Cochran,* 369 U. S. 506, 516:

> "Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver."

It is true that the record in the instant case is not silent. But the hearing judge based his finding only on "the presumed correctness of the Docket Entries".

There was no evidence before the hearing judge of the indigency of applicant at the time of his original trial and nothing in the record to show that he was in fact not indigent at that time. His financial ability to obtain counsel cannot be presumed.

There was apparently no evidence before the hearing judge, except the testimony of the applicant, as to the proceedings at the original trial leading to the docket entries under consideration. Nor does the memorandum of the hearing judge disclose that the capacity of the applicant to intelligently and understandingly waive representation was considered. Applicant states in his petition that he is illiterate. His counsel in a memorandum of law filed as part of the record, states that he testified at the hearing that "his formal education was limited to three years of grade school and he was unable to read or write. * * * (that) he was not familiar with the meaning of the word counsel, * * * that the entire trial took 5-10 minutes and he was unable to present his version of the

alleged incident." Whether or not he was familiar with the law through personal experience is not disclosed by the record. We are also aware, as was the hearing judge, of the great number of criminal trials which are conducted in the Municipal Court of Baltimore City and recognize the difficulty of producing testimony relating to applicant's contentions. But difficulty of proof does not obviate the necessity for proof. We do not agree that the naked Docket Entries here are sufficient in themselves to show that applicant's constitutional right to be represented by counsel was properly waived.

We hold, in this case, that the Docket Entries here are not sufficient to show that applicant intelligently and understandingly elected to proceed without counsel and that there was not sufficient testimony or evidence produced at the hearing for a finding of fact thereon.

> *Leave to appeal denied except as to those matters referred to in the above opinion; leave to appeal granted as to contentions two and three and case remanded for the taking of further testimony and for findings of fact thereon.*