RONALD WAYNE a/k/a RONALD ELMER THOMAS, HENRY DORSEY a/k/a HENRY THEODORE WHITE, JR., and WILLIAM JACKSON a/k/a JAMES ALEXANDER CONNEY, JR. *v.* STATE OF MARYLAND

[No. 330, September Term, 1967.]

*Decided June 21, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTII, and THOMPSON, JJ.

*Leonard E. Wilson, J. Albert Roney,* and *Harry J. Goodrick* for appellants.

*H. Edgar Lentz, Assistant Attorney General* with whom were *Francis B. Burch, Attorney General, Thomas N. Biddison, Jr., Assistant Attorney General, Donaldson C. Cole, Jr., State's Attorney for Cecil County,* and *Julius A. Jodlbauer, Assistant State's Attorney for Cecil County,* on the brief, for appellee.

MURPHY, C. J., delivered the opinion of the Court.

Appellants Wayne, Dorsey, and Jackson filed petitions on October 6, 1967 in the Circuit Court for Cecil County, pursuant to Maryland Rule 709, waiving grand jury action and seeking immediate trials. Criminal informations were then promptly filed [Numbers 1726, 1727 and 1728] charging appellants jointly under three counts: larceny over $100.00; larceny under $100.00; and receiving stolen property. On October 9, 1967 appellants appeared before Judge Edward D. E. Rollins, for arraignment, at which time, without counsel, and after having been advised of various rights, each pleaded guilty to the first count—larceny over $100.00. The State confessed pleas of not guilty to the remaining counts. Each appellant received a five-year sentence to be served under the jurisdiction of the Department of Correction.

On this appeal each appellant contends that he was denied his right to counsel as guaranteed in the Federal Constitution and by Maryland Rule 719.

The record discloses that all three appellants were simultaneously present before Judge Rollins at the arraignment; that Judge Rollins read the substance of the criminal informations to them; and thereafter proceeded to question each appellant separately, but in the presence of each other, as to the matter of counsel and as to the voluntariness of their respective guilty pleas.

To the court's questions, appellant Wayne responded that he did not have an attorney; that he was unable to employ an attorney; and that he did not think it necessary for the court to appoint one for him. After pleading guilty to the first count, the court requested the State to explain the crimes involved in the other counts and their applicable punishments. Thereafter, the State confessed a plea of not guilty to the second and third

counts. The right to a court or a jury trial and the right to confront and cross-examine witnesses were explained to appellant Wayne. He was then asked by the court, and gave an affirmative response to the question of whether his plea of guilty to the first count was made freely, voluntarily, without threat or fear to himself or anyone associated with him, without promise of a lesser sentence, probation, reward, immunity or other inducements. The judge concluded by stating: "You are pleading guilty because in truth and in fact you are guilty and for no other reason, is that correct?" Appellant responded: "Yes Sir. Your Honor, I am guilty because I was insane because that was the only way I could obtain money to obtain drugs." The court then accepted the guilty plea and rendered its judgment of conviction.

The court next proceeded with appellant Dorsey and, after it was established that he heard the proceedings in relation to Ronald Wayne, Dorsey stated that he too did not have an attorney, nor was he able to employ counsel. The court then asked, "Do you understand that the court will appoint an attorney to assist you in your defense," to which Dorsey replied, "Yes Sir." He was then informed of his right to a trial before a jury or before the court, after which he pleaded guilty to the first count, with the State confessing a plea of not guilty to the second and third counts. The court then examined him with respect to the voluntary nature of his guilty plea, and upon being satisfied that the plea was voluntary, it accepted the plea and entered a judgment of conviction thereon.

Appellant Jackson was arraigned next. He stated that he did not have an attorney; that he was unable to employ an attorney; that he did not wish the court to appoint him counsel; that he understood his rights as had been explained to his co-defendants; that he had no questions with reference to a trial; that he understood the penalties involved in each count; and that he waived the reading of the "indictment." He then entered a plea of guilty to the first count, following which the State again confessed not guilty pleas to the other counts. Satisfied that the plea was made freely and voluntarily, it was accepted by the court and a judgment of conviction was then entered.

The absolute constitutional right of an indigent accused in a serious State criminal prosecution to have counsel appointed for his defense is, of course, now settled beyond question. *Gideon v. Wainwright,* 372 U. S. 335; *Manning v. State,* 237 Md. 349; *Montgomery v. Warden,* 1 Md. App. 30. In implementation of the constitutional right to counsel, Maryland Rule 719 provides, insofar as here pertinent, "If at any stage of the proceedings, the accused appears in court without counsel, the court shall advise him of his right to counsel"; and that "Unless the accused elects to proceed without counsel or is financially able to obtain counsel" the court shall assign counsel to represent him if the offense charged is one where, as here, the maximum punishment could be imprisonment for a period of six months or more. These requirements of Maryland Rule 719 are mandatory, and must be complied with irrespective of the type of plea entered, or the lack of an affirmative showing of prejudice to the accused. *Taylor v. State,* 230 Md. 1. Nothing in *Gideon* or in Maryland Rule 719, however, changes the long standing rule that an accused has a right to proceed without counsel following a knowing and intelligent waiver of his right to counsel. *Cummings v. Warden,* 243 Md. 702; *Ware v. State,* 235 Md. 131; *Montgomery v. Warden, supra.* The classic definition of waiver of a federal constitutional right is that contained in *Johnson v. Zerbst,* 304 U. S. 458, 464, *i.e.,* "an intentional relinquishment or abandonment of a known right or privilege." In *Manning v. State, supra,* the Maryland Court of Appeals gave explicit recognition to the holding of the Supreme Court in *Carnley v. Cochran,* 369 U. S. 506, 516, *viz.*:

> "Presuming waiver [of the right to counsel] from a silent record is impermissible. The record must show, or there must be an allegation and evidence which shows, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver."

## *Appellant Ronald Wayne*

Wayne's contention that he was denied his constitutional right to counsel is based primarily upon the fact that when asked by the court whether he was pleading guilty "because in truth

and in fact you are guilty and for no other reason, is that correct," he responded:

"Yes Sir. Your honor, I am guilty because I was insane because that was the only way I could obtain money to obtain drugs."

Wayne urges that in light of this response, it should have been evident to the court that he had a defense to the charge, namely that he was insane—a defense which he could neither properly articulate nor benefit from in the absence of counsel. It is against such a background that Wayne maintains that he did not intelligently and knowingly waive his constitutional right to counsel.

The State contends that Wayne's refusal to accept the court's offer to appoint counsel, his desire for a speedy trial by waiving grand jury action, his cognizance of the charges pending against him before deciding to proceed without counsel, his age (23 years), and his total familiarity with criminal proceedings by reason of four prior convictions for larceny and one each for burglary and possessing barbiturates, clearly constituted circumstances showing a knowing and intelligent waiver of his right to counsel.

A plea of guilty may, of course, be entered under circumstances showing a voluntary desire on the part of the accused to do so, with an intelligent understanding of the nature of the offense to which he is pleading guilty and the possible consequences of such a plea; and the acceptance of a guilty plea entered under such circumstances will not be set aside on appeal. *James v. State,* 242 Md. 424; *Gleaton v. State,* 235 Md. 271; *Cooper v. State,* 231 Md. 248; *Blake v. State,* 2 Md. App. 492. On the other hand, the voluntary nature of a defendant's guilty plea must be clearly established prior to the court's acceptance of it, *James v. State, supra,* and it must be unconditional, since as stated in *Roberts v. Warden,* 221 Md. 576, at page 581:

"* * * if the defendant attaches any condition or qualification to such a plea, the trial court should direct the entry of a plea of not guilty; but a plea of guilty freely and voluntarily made by a sane person,

when accepted and recorded, is a conviction of the high-
est order."

To like effect, see *Gleaton v. State, supra.*

We think appellant's guilty plea, in the final analysis, was
not unconditional, but rather was tantamount to pleading guilty
by reason of insanity. Whether the basis of the plea, as as-
serted by Wayne, could ever suffice to establish a defense of
insanity under Section 9 of Article 59 of the Annotated Code
of Maryland (1968 Repl. Vol.), is not an issue before us. But
neither are we in a position to hold that appellant's statement
relative to his insanity amounted to nothing more than a state-
ment made for the purpose of gaining the court's sympathy and
understanding, and hence a light sentence. While it would not
appear under the circumstances that we could hold that appel-
lant's waiver of counsel was knowing and intelligent under
*Johnson v. Zerbst, supra,* and *Carnley v. Cochran, supra,* we
prefer to rest our holding squarely on the ground that appel-
lant's plea of guilty was a conditional one and, as such, should
not have been accepted by the court, at least without further
specific inquiry having been made into the basis for appellant's
statement so as to enable the court to more properly assess and
evaluate the real and true basis for Wayne's statement.

### Appellant Henry Dorsey

Dorsey contends that the court did not inquire of him whether
he elected to proceed without counsel as positively required by
Maryland Rule 719. He asserts that at no time did he agree to
proceed without counsel and that it is not permissible for us to
presume waiver from a silent record.

It is clear that Dorsey was present when, prior to the time
he entered his guilty plea, the court offered counsel to Wayne.
And we are satisfied from the record that Dorsey understood
the court's statement, "Do you understand that the court will
appoint an attorney to assist you in your defense?" Equally
clear is the fact that at no time thereafter did appellant express
any desire to have counsel appointed for him. But the record
does not show any express election by Dorsey to proceed with-
out counsel. In other words, the court made no flat inquiry of

him as to whether he wanted counsel appointed to represent him and consequently Dorsey was not directly called upon to make an election to proceed without counsel.

In *Hill v. State,* 218 Md. 120, where there was no showing of any election made by the accused to proceed without counsel, the court held that it could not infer waiver of counsel from the defendant's failure to ask for counsel. We cannot, of course, presume waiver on the basis of a silent record, *Carnley v. Cochran, supra,* nor can we find under the circumstances of this case that Dorsey intentionally relinquished and abandoned his right to counsel, *Johnson v. Zerbst, supra.* As the latter case also admonishes courts to "indulge every reasonable presumption against waiver of fundamental constitutional rights * * * [and] not presume acquiescence in the loss of fundamental rights," we hold, on the record before us, that Dorsey did not elect to proceed without counsel as required by Maryland Rule 719, and did not waive his constitutional right to counsel in this case. *Cf. Schuette v. State,* 228 Md. 340; *Gopshes v. State,* 1 Md. App. 396. While there may be circumstances where the conduct of the accused, after being explicitly offered counsel, is so plain and clear as implicitly to demonstrate a knowing and intelligent waiver of the right to counsel—an election to proceed without counsel—we hold that Dorsey's is not such a case.

### Appellant William Jackson

We find no merit in appellant Jackson's contention that he was denied his constitutional right to counsel.

Jackson informed the court that he did not have an attorney and that he could not afford one. He expressly stated, however, that he did not want the court to appoint counsel for him. As previously indicated, Jackson stated that he understood his rights as explained to his co-defendants; that he had no questions in connection with the trial; that he understood the penalties in each count; that he wished to waive the reading of the "indictment," and that he desired to enter a plea of guilty to the first count. Considering these circumstances in light of his age (25 years) and familiarity with criminal procedure (he having been previously convicted of nine cases of larceny and two cases of burglary), we hold that Jackson effectively waived

432

his right to counsel and elected to proceed without counsel. See *Cummings v. State, supra; Ware v. State, supra; Montgomery v. Warden, supra.*

> As to Ronald Wayne, a/k/a Ronald Elmer Thomas (Criminal Information ‡ 1726):
>> Judgment reversed; case remanded for a new trial.
> As to Henry Dorsey, a/k/a Henry Theodore White, Jr. (Criminal Information ‡ 1727):
>> Judgment reversed; case remanded for a new trial.
> As to William Jackson, a/k/a James Alexander Conney, Jr. (Criminal Information ‡ 1728):
>> Judgment affirmed.