## JON FREDERICK PEARSON *v.* STATE OF MARYLAND

[No. 28, September Term, 1969.]

*Decided October 3, 1969.*

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*James P. Salmon* for appellant.

*James F. Truitt, Jr., Assistant Attorney General,* with

whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *James E. Fannon, Jr., Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

PER CURIAM.

Appellant Pearson appeared without counsel before the People's Court for Prince George's County on September 30, 1968 upon a charge of shoplifting in violation of Maryland Code, Article 27, Section 551A. The State prayed a jury trial and the case was ordered removed to the Circuit Court for Prince George's County. In a letter dated October 7, 1968 sent from the County Jail, the appellant advised the State's Attorney that "I intend to act as counsel in my own behalf," and "I, therefore, request full discovery pursuant to Maryland Rule 728." Subsequently, appellant filed motions for a speedy trial and for discovery and a motion to dismiss the indictment. The State answered each motion and the case came on for trial on November 4, 1968, at which time the following colloquy occurred:

"THE COURT: Are you ready for trial now?

MR. PEARSON: Yes, sir.

THE COURT: You are going to handle the defense yourself?

MR. PEARSON: Yes, sir.

THE COURT: Very well, you will be given a list of jurors. You are entitled to strike four from that list, peremptory challenges.

MR. PEARSON: Will I be allowed to talk to the jury to ask them any questions?

THE COURT: Yes, after the jury is selected you will be given a chance to make an opening

statement. The State first makes an opening statement and then you make an opening statement, and then the State calls witnesses and you can cross examine them."

After the court denied appellant's motion to dismiss the indictment, appellant made an opening statement to the jury. During the trial he objected to the testimony of the State's sole witness and cross-examined him at some length. He made a brief closing argument before the jury, after which the jury found him guilty of shoplifting and he was sentenced to eighteen months imprisonment.

Appellant filed his own notice of appeal alleging therein, among other grounds, that he was not afforded "the assistance of legal aid or counsel." Counsel thereafter appointed to represent appellant on appeal contends that as the court made no inquiry whether appellant elected to proceed without counsel, and as he did not waive his right to counsel, the provisions of Maryland Rule 719 have been violated and a new trial must be granted.

Maryland Rule 719 provides in part that "If at any stage of the proceeding, the accused appears in court without counsel, the court shall advise him of his right to counsel;" and that "Unless the accused elects to proceed without counsel or is financially able to obtain counsel" the court shall, with some exceptions not here pertinent, furnish counsel to represent him. That these requirements are mandatory is well settled. *Taylor v. State,* 230 Md. 1; *Wayne v. State,* 4 Md. App. 424. And while an accused may proceed without counsel following a knowing and intelligent waiver of his right to counsel, it is impermissible to presume such waiver from a silent record. *Manning v. State,* 237 Md. 349. In *Hill v. State,* 218 Md. 120, where there was no showing of any election made by the accused to proceed without counsel, the

Court of Appeals held that it could not infer waiver of counsel from the accused's failure to ask for counsel. It is clear from the record that the trial judge did not inquire whether appellant wanted counsel appointed to represent him—he apparently assumed that he did not. As we pointed out in *Wayne*, there may be circumstances where the conduct of the accused, *after being explicitly offered counsel*, is so plain and clear as implicitly to demonstrate a knowing and intelligent waiver of the right to counsel. We hold, on the record in this case, that there was no waiver of the right to counsel, that there was no proper compliance with the provisions of Maryland Rule 719, and a new trial must therefore be afforded to the appellant.

*Judgment reversed; case remanded for a new trial.*