## ELMER RAY TAYLOR *v.* STATE OF MARYLAND

[No. 354, September Term, 1973.]

*Decided March 11, 1974.*

The cause was submitted on briefs to THOMPSON, GILBERT and DAVIDSON, JJ.

Submitted by *Joseph F. Padula* for appellant.

Submitted by *Francis B. Burch, Attorney General, Gilbert Rosenthal, Assistant Attorney General,* and *Daniel W. Moylan, State's Attorney for Washington County,* for appellee.

DAVIDSON, J., delivered the opinion of the Court.

On 15 March 1973 the grand jury for Washington County indicted the appellant, Elmer Ray Taylor, for forging and uttering a check. On 2 April 1973 at his arraignment before

Judge Irvine H. Rutledge in the Circuit Court for Washington County, he represented himself, and pled not guilty to each of the two counts of the indictment. On 16 April 1973 he was brought to trial. Before trial began the following colloquy took place between Judge Paul W. Ottinger and appellant:

"Q. You are Elmer Ray Taylor?

"A. Yes sir.

"Q. Can you hear me alright?

"A. Yes, I can hear you.

"Q. You are how old?

"A. Fifty-two.

"Q. Do you have a lawyer?

"A. No sir.

"Q. You don't have a lawyer?

"A. I'll be my own lawyer. I'll represent myself.

"Q. Are you hard of hearing or not?

"A. Yes, I am.

"Q. Are you right hard of hearing?

"A. My trouble is I have trouble getting the medicine for it, to cure it.

"Q. Just answer my question, are you hard of hearing or not?

"A. Yes, I am somewhat.

"Q. Everybody is entitled to a fair trial. If you can't hear me, you tell me, and if there is someone testifying and you can't hear him, we will let you stand up there near them as long as you don't strike at them or anything. You wouldn't do anything like that, would you?

"A. In other words, I am going to have to take Court appointed counsel, is that it?

"Q. No, I didn't say anything like that. Let's start

over. We have agreed on one thing, you are Elmer Ray Taylor, we agree on that, don't we?

"A. Yes sir.

"Q. And we agree that you are fifty-two years old?

"A. Yes sir.

"Q. You are sometimes a little hard of hearing?

"A. Yes, sometimes, I am hard of hearing.

"Q. Can you hear me now?

"A. Yes, I can hear you.

"Q. Now, you don't have a lawyer?

"A. No sir.

"Q. You don't want a lawyer?

"A. I want to represent myself.

"Q. Alright, that is what I am getting at. You do not want me to assign a lawyer, to you, you want to represent yourself, is that correct?

"A. Yes sir.

"Q. Now, you understand, don't you, Mr. Taylor, that if you are indigent, that is to say, if you don't have the money to hire a lawyer that you have the right to have the Court appoint a lawyer, usually it is the Public Defender to represent you. Everybody who is on trial in a Criminal Court in any serious case, if they don't have the money to hire a lawyer, has the right to have a lawyer appointed to defend them. Now, you also have the right to represent yourself. Although, Abraham Lincoln once said, a man who represented himself had a fool for a client. Have you ever given that any thought? Can you hear me alright?

"A. Yes, I hear you.

"Q. Now, you don't want a lawyer now?

"A. There is so many technicalities in this case, your Honor, that I believe only myself can understand it.

"Q. I want a direct answer, though, now, Mr. Taylor, I don't want you coming back in here later saying that you did not understand. Now, do you want me to appoint a lawyer for you, or you don't want me to appoint a lawyer to represent you. Now, there is only two ways to take it, which is it? You do want to represent yourself?

"A. I'll leave that up to the Court to decide.

"Q. No, the Court does not have the power to decide that. I don't have the right to decide that.

"A. I understood you very plainly what you said.

"Q. Now, Mr. Taylor, I am going to go through this once more. Have you got any money?

"A. No.

"Q. Alright, that would make you an indigent. That is what that word means, you don't have the money and if you want me to, I am obligated to appoint a lawyer to represent you, and the question is whether you want me to or not. I think you said that you do not want me to appoint a lawyer, is this right?

"A. I don't have one to represent me yet. . .

"Q. Mr. Taylor, I cannot accept a qualified answer. I have to have an outright "yes" or "no". Now, a qualified answer won't do. Either you want me to appoint you a lawyer or you don't. Just answer "yes" or "no", which is it?

"A. I just want to represent myself.

"Q. I think you said that two or three times and I think you understand me and I think I understand you. Alright, Mr. Clerk, let the record show, please, that the Court has offered to appoint a lawyer to represent Mr. Taylor and he has declined or refused to have the Court do so, and he has said that he wants to represent himself, so we will not appoint counsel in this case."

Thereafter, Judge Ottinger ascertained that appellant had received a copy of the indictment and explained the charges to him. Appellant pled not guilty to both charges and elected a bench trial. Judge Ottinger informed appellant that he had a right to sequester witnesses and appellant requested that this be done. The State called four witnesses. Appellant cross-examined three and declined to cross-examine the fourth. On two occasions, after witnesses had testified on redirect examination, the judge asked appellant if he wanted to ask those witnesses anything else, and on both occasions appellant replied that he did not. After the State rested, the judge made a motion for judgment of acquittal on behalf of appellant. The judge denied the motion as to the first count and reserved his ruling on the second count until the close of the case. The judge then advised appellant that he had a right to testify or not to testify and that no inferences would be drawn against him if he chose not to testify. Appellant stated that he did not wish to testify, and that he had no further witnesses to be called. The judge himself called a witness who was briefly questioned by the State's attorney. When asked by the judge whether he wished to ask the witness any questions, appellant responded that he did not. The case was then closed.

According to the docket entries, on 17 April 1973 appellant again appeared in court before Judge Ottinger.[1] The judge denied a motion of acquittal as to the second count and found the appellant guilty of both forging and uttering. In addition, according to the docket entries, appellant appeared before Judge Ottinger on 3 May 1973.[2] After asking appellant whether he had anything to say, the judge sentenced him to two concurrent terms of ten years each.

On appeal appellant, now represented by counsel, raises the sole contention that he did not knowingly waive his right to be represented by counsel at his trial because the trial judge failed to comply with Maryland Rule 719. We agree.

---

1. The transcript of the proceedings held on that date was not included in the record.
2. The transcript of the proceedings held on that date was not included in the record.

The right to counsel is a basic, fundamental and substantial right. Rules implementing this right have been held to be mandatory. Former Rule 1, §§ b and c of the General Rules of Practice and Procedure, Part IV, Criminal Rules of Practice and Procedure, see Code 1951, stated that a court was required to advise an accused of his right to obtain counsel; to appoint counsel for an accused in all capital cases or other serious crimes unless he elected to proceed without counsel; and to have the record affirmatively show compliance with the Rule. Former Rule 723, §§ b and c of the Maryland Rules of Procedure, see Code 1957, contained precisely the same requirements. *Hill v. State,* 218 Md. 120, 125-26, 145 A. 2d 445, 448 (1958).

Thereafter the Court of Appeals consistently held that these requirements were mandatory and must be complied with, irrespective of the gravity of the crime charged, the type of plea entered, or the lack of an affirmative showing of prejudice to the accused. *Taylor v. State,* 230 Md. 1, 2, 185 A. 2d 197, 198 (1962); *Merritt v. State,* 221 Md. 118, 119, 156 A. 2d 228 (1959); *Williams v. State,* 220 Md. 180, 181, 151 A. 2d 721 (1959); *Bryant v. State,* 218 Md. 151, 152, 145 A. 2d 777 (1958); *Hill v. State, supra,* 218 Md. at 122-23, 145 A. 2d at 446.

*Gideon v. Wainright,* 372 U. S. 335, 83 S. Ct. 792 (1963), decided 18 March 1963, proclaimed the absolute right of an accused to be represented by counsel in a serious State prosecution. In response to this mandate, the Court of Appeals of Maryland promulgated Maryland Rule 719, §§ b and d, effective 7 August 1963. *Montgomery v. Warden,* 1 Md. App. 30, 35, 266 A. 2d 687, 690 (1967). These sections provided, in relevant part, that an accused be advised of his right to counsel; that unless an accused elected to proceed without counsel or was financially able to obtain counsel, counsel should be assigned to represent him if the offense charged was one for which the maximum punishment was death, imprisonment for a period of six months or more, or a fine of $500 or more, and that the record affirmatively show compliance with the Rule. Both the Court of Appeals and this Court have consistently held that the requirements of

Rule 719, like those of its predecessors, Rule 723 and Rule 1, were mandatory and compliance was required irrespective of the gravity of the crime charged, the type of plea entered, or the lack of an affirmative showing of prejudice to the accused. *Manning v. State*, 237 Md. 349, 353, 206 A. 2d 563, 565 (1965); *Taylor v. State, supra; Pearson v. State*, 7 Md. App. 714, 716, 256 A. 2d 892, 894 (1969); *Montgomery v. Warden, supra*, 1 Md. App. at 35, 266 A. 2d at 690.

In 1971 the Public Defender Act, Code (1957), Art. 27A, was enacted[3] for the purpose of assuring effective assistance and continuity of counsel to indigent accuseds taken into custody and indigent defendants in criminal and juvenile proceedings. As a result, the Court of Appeals amended Maryland Rule 719, effective 1 June 1972. *Laquay v. State*, 16 Md. App. 709, 714, 299 A. 2d 527, 529 (1973). Maryland Rule 719, as amended, provides in pertinent part as follows:

"b. *Appointment of Counsel.*

"2. When Required — Conditions.

"Unless the accused waives his right to be represented by counsel or is financially able to obtain counsel, the court shall request the Office of the Public Defender to designate or appoint counsel to represent the accused if the offense charged is a serious crime, as defined in Code, article 27A (Public Defender).

\* \* \*

"c. *Waiver Inquiry.*

"If, at any stage of the proceeding, an accused indicates a desire or inclination to waive representation, the court shall not permit such a waiver unless it determines, after appropriate questioning in open court, that the accused fully comprehends: (i) the nature of the charges and any

---

3. 1971 Laws of Maryland, ch. 209, § 1.

lesser-included offenses, the range of allowable punishments, and that counsel may be of assistance to him in determining whether there may be defenses to the charges or circumstances in mitigation thereof; ... (iv) that among the accused's rights at trial are the right to call witnesses in his behalf, the right to confront and cross-examine witnesses, the right to obtain witnesses by compulsory process, and the right to require proof to the charges beyond a reasonable doubt.

\* \* \*

"f. *Record to Show Compliance.*

"The docket entries or transcript shall affirmatively show compliance with this Rule." [4]

We think that the provisions of Rule 719 are both clear and obligatory. We see no reason why these provisions, which are designed to protect the accused's fundamental right to counsel, should be given less force and effect than their predecessors. Accordingly we hold that the provisions of Maryland Rule 719 are mandatory and must be complied with, irrespective of the gravity of the crime charged, the type of plea entered, or the lack of an affirmative showing of prejudice to the accused.

The record shows that there has not been exact compliance with this rule. The accused was not advised as to the range of allowable punishments; that counsel might be of assistance to him in determining whether there might be defenses to the charges or circumstances in mitigation thereof; or that among the accused's rights at trial are the right to call witnesses in his behalf, the right to confront and cross-examine witnesses, the right to obtain witnesses by compulsory process and the right to require proof of the charge beyond a reasonable doubt.

---

**4.** Hereinafter reference to "Rule 719" is to Maryland Rules of Procedure, Rule 719, as so amended.

Nor does the record show substantial compliance with the Rule. While all of the trial court's efforts to assist the accused, by informing him of his right to sequester witnesses, asking him if he wished to ask questions, making a motion for judgment of acquittal on his behalf, asking him whether he had any further witnesses to call, and asking him if he wished to say anything before sentencing, may have tended to diminish the degree of prejudice resulting from the accused's election to proceed without counsel, they came too late to have had any impact on the accused's decision to proceed without counsel, and did not, in any event, provide him with all of the information required by Rule 719. They were therefore of no value whatsoever in effectuating the purpose of the Rule, which is to make certain that an accused is informed of the complexity of the trial and the value of an attorney before he elects to proceed without one.

The Maryland Rules of Procedure have the force of law. Md. Const., Art. IV, § 18. We enforce them rigorously here to protect a fundamental right of an accused.

*Judgment reversed.*
*Case remanded for a new trial.*